# EDWARD JOHNSON AND ANOTHER v. CITY OF FAIRMONT AND ANOTHER.[1]

March 17, 1933.

No. 29,364.

Leo J. Seifert, for appellants.

Frank E. Dougherty and John W. Flynn, for respondent city of Fairmont.

McCune & McCune, for respondent Fairmont Canning Company.

WILSON, Chief Justice.

Defendants moved separately for judgment notwithstanding a verdict rendered against them jointly in favor of plaintiffs for $960, or in the alternative for a new trial, and plaintiffs appealed from orders granting defendants' respective motions for judgment.

[1] Reported in 247 N. W. 572.

452

Since 1915 plaintiffs, husband and wife, have owned and lived upon a quarter section farm, located northeasterly a mile or two from the city of Fairmont. They there operated a dairy farm, and of course made their home thereon. Center Creek, which is perhaps the only available drainage for the city, runs through plaintiffs' farm, flowing from the west to the east. To care for the discharge from its sanitary sewage system, the city maintains an Imhoff or septic tank with a capacity of 400,000 gallons per 24 hours, the effluent from which is discharged into Center Creek and flows upon plaintiffs' farm, which is about one mile from the tank.

Defendant Fairmont Canning Company owns and operates two canning factories in the city of Fairmont, which dump waste matters into a tile emptying into a judicial ditch, which in turn outlets into a slough about one-half mile from plaintiffs' farm. The slough overflows and discharges into Center Creek on but near the west line of plaintiffs' farm.

■ There are different offensive odors coming from these two sources. At times they mingle and fuse on plaintiffs' farm, and the evidence is sufficient to sustain the finding of the jury that the consequences from the acts of either defendant would constitute a nuisance. Undoubtedly the sewer odor from the city tank was more constant and offensive than the sour odor from the canning factory. For present purposes it is sufficient to say that these odors constituted a nuisance upon plaintiffs' farm. See City of Harrisonville v. W. S. Dickey Clay Mfg. Co. 289 U. S. 334, 53 S. Ct. 602, 77 L. ed. 801.

■ The serious question before us is whether tortfeasors acting independently, each causing damage, may be held jointly liable in an action for damages.

The evidence is sufficient to establish a cause of action based on the nuisance against either defendant, but it of course is not the same evidence. Each acted independently of the other, but each knew that the other was discharging matter in the creek that was producing offensive odors on plaintiffs' premises and knew that the plaintiffs claimed that a nuisance was thereby created

thereon. No attempt was made at the trial to apportion or separate the damages. The plaintiffs attempt to hold defendants as joint tortfeasors. May this be done? We have a pure question of law for our consideration.

The weight of authority or the general rule is that acts of independent tortfeasors, each of which cause some damage, may not be combined to create a joint liability at law for damages. Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451; 8 A. S. R. 656; Farley v. Crystal C. & C. Co. 85 W. Va. 595, 102 S. E. 265, 9 A. L. R. 933, Anno. 942; 35 A. L. R. 410. There are authorities supporting the contrary or minority rule. Anno. 9 A. L. R. 944.

In the instant case there is no evidence to prove any concert of action between defendants to the injury of plaintiffs. There is no conspiracy. There is no evidence of any connection by joint action between the city discharging its effluent from its sewage tank and the canning factory discharging its waste. Each acted solely in its own interest. Each wronged plaintiffs, who suffered from defendants' independent acts; not from their joint acts. Their acts were separate as to time and place. Possibly there were times when both were concurrent. There was no concert of action, no common intent, no oneness of act. The point is that the wrong itself is not joint. The liability of each of the defendants began with their acts on their own premises, that being where they started the respective discharges on their way; and the act of each was wholly separate and independent of concert with the other. Their torts were separate, several, and independent when committed and do not become joint because their consequences united and mingled on or near plaintiffs' farm.

The real nuisance is only a consequence of the two acts, the source of liability.

The question of negligence is not involved. A nuisance does not rest upon the degree of care used but rather upon the danger, indecency, or offensiveness existing or resulting even with the best of care. As to the element of a nuisance see G. S. 1923 (2 Mason, 1927) § 9580. Appellants ask us to hold that a concert of action

is implied from the continuance of the wrongful acts after each of the defendants had knowledge thereof. There is some authority tending to support this rather plausible contention. Sloggy v. Dilworth, 38 Minn. 179, 185, 36 N. W. 451, 8 A. S. R. 656. There are other cases. This point, however, was not raised in Bohrer v. Village of Inver Grove, 166 Minn. 336, 207 N. W. 721.

We are of the opinion that we should follow the general rule, and this court substantially committed itself to this rule in Sloggy v. Dilworth, 38 Minn. 179, 185, 36 N. W. 451, 8 A. S. R. 656, wherein and when it said:

"If the damage caused is the combined result of several acting independently, recovery may be had severally in proportion to the contribution of each * * *. If, however, they are acting jointly in the premises, then they may be jointly or severally sued for the entire damage."

There seems to be ample authority that permits the prosecution of an action in equity against independent tortfeasors for an injunction restraining them from doing separate and independent acts, the consequences of which constitute a nuisance.

Affirmed.