## MARTIN SHUSTER, SR. AND ANOTHER v. CITY OF CHISHOLM.[1]

November 10, 1938.

No. 31,784.

*Frank M. Talus,* City Attorney, and *John M. Gannon,* for appellant.

*Austin & Wangensteen,* for respondents.

STONE, JUSTICE.

Plaintiffs got a verdict assessing their damage for defendant's wrongful pollution by its sewage of Little Swan River, which flows by their farm. Defendant appeals from an order denying its motion for judgment notwithstanding the verdict or a new trial. The one question on this appeal is whether there is evidence to sustain the verdict.

There is enough proof that the stream was badly polluted by sewage. The principal issue below was whether defendant or the neighboring village of Hibbing was the real tortfeasor. Hibbing discharges its sewage into a tributary stream. The confluence is upstream from plaintiffs' land. In this action the two cities could not be joined. That is because in the creation and continuance of the nuisance they acted as independent, not joint, tortfeasors. Johnson v. City of Fairmont, 188 Minn. 451, 247 N. W. 572.

[1]Reported in 282 N. W. 135.

It is needless to rehearse evidence. On plaintiffs' part there was much testimony, an important item of it coming from a sanitary engineer, showing the very substantial extent to which defendant's sewage contributed to the nuisance as a proximate and contributing cause of plaintiffs' damage. That is enough, with the verdict, to establish its liability.

The order is affirmed.