O. R. TAYLOR *v.* MARIE J. SPURR *et al.*

(CC 679)

Submitted April 11, 1944.  Decided May 2, 1944.

Kenna, Judge, absent.

*Harry E. Moats,* for plaintiff.

Fox, Judge:

This is a certified case from the Circuit Court of Ritchie County, and the questions presented involve the sufficiency of an answer and cross bill, which attempts to set up a defense to the claim of the plaintiff, and prays for affirmative relief.

At April Rules, 1943, the plaintiff filed his bill against Marie J. Spurr, Wallace Spurr, and Beatrice F. Mallory, or her unknown heirs, in which he avers that on October 2, 1937, the defendant, Marie J. Spurr, then known by the name of Marie J. Westfall, was indebted to the plaintiff in the sum of $800.00, for which she made and delivered to him her certain promissory note, bearing that date, and payable on or before five years thereafter, with interest payable annually, and to secure the payment of which the said Marie J. Westfall, who was then a widow, on the same date, conveyed to the plaintiff a fee simple estate in a certain tract or parcel of land containing one-fourth acre, situate in the Town of Ellenboro, in Ritchie County, subject, however, to a provision that if the principal sum, and interest on said note, should be paid, as provided by its terms, the said mortgage should be void. This mortgage was recorded on November 16, 1937, and the original of the note, and mortgage securing the same, are filed as

exhibits with the plaintiff's bill. The bill then alleges the non-payment of the principal of said note and interest thereon accruing subsequent to October 2, 1941, and prays for a decree for the amount due on said note, and for the sale of the property conveyed by the mortgage aforesaid. The defendant's demurrer to the bill was overruled, and Beatrice F. Mallory and her unknown heirs were dismissed from the suit, and no question as to the action of the court on said demurrer or said dismissal is now presented.

On the overruling of the demurrer to plaintiff's bill, the defendant was given a day to answer, and within the time stipulated she filed her answer to the plaintiff's bill, and in connection therewith, and as a part thereof, filed her cross bill seeking affirmative relief. In her answer she admits the execution of the note and mortgage, and her failure to pay any part of the principal of said note or the interest accruing thereon subsequent to October 2, 1941, but she denies that she is indebted to the plaintiff in any sum whatever, and justifies her denial by making certain allegations in her cross bill, in substance and effect as follows: That in the month of September, 1937, she returned to her home in Ellenboro from a sanitarium, where she had been receiving treatment for a nervous breakdown, and then discovered that, in her absence from home, her Committee, appointed by the County Court of Ritchie County, had disposed of all of her household and kitchen furniture, some of which had been purchased by O. R. Taylor, the plaintiff herein. That she entered into negotiations with said Taylor to repurchase said personal property, and went to Taylor's home, located in a rural section of the county, in order to identify the property which she desired to purchase; that she remained at plaintiff's home that night, at which time plaintiff stated that he had long desired to become acquainted with her, and then represented to her that he was a married man, and resided on said farm, and was separated from his wife, who resided in the Village of Toll Gate, in said county;

that on their return to Ellenboro, the plaintiff proposed marriage and that they finally became engaged to marry; that thereafter they spent a great deal of time in each other's company, made trips to various places together, and the plaintiff was accustomed to spend much time at the home of the defendant; that soon after the date when the defendant spent the night at plaintiff's farm, as aforesaid, he made to her a present and gift of the sum of $100.00, and sometime thereafter an additional gift of $300.00, and still later a further sum of money, the amount of which is not stated, and that out of the money given to her she returned to the plaintiff the sum of $100.00; that sometime after that the plaintiff advised her that the money he had given her had been withdrawn from a joint bank account, in the name of himself and his wife, and in order to cover up this withdrawal, and keep the matter a secret from his wife, plaintiff requested her to execute the note and mortgage aforesaid, which she did, implicitly believing and trusting the plaintiff, and accepting as true his representation that this transaction was solely for the purpose stated by him, and not intended to be enforced; that at such time the plaintiff told her that the said mortgage was invalid and would never be enforced; that she later paid the interest on said note, the defendant representing to her that it was necessary in order to relieve him from his embarrassments aforesaid, and that when he was relieved thereof he would refund to her the amount of interest so paid; that subsequent to the time when the gifts of money were made, as aforesaid, the plaintiff informed her that he was endeavoring to obtain a property settlement with his wife, preliminary to obtaining a divorce, in order that she and the plaintiff could be married to each other, and that at that time he "gave and delivered to your defendant the aforesaid note and mortgage, as what he called an 'engagement' present, and told her it was hers to do as she pleased with, and that she could burn it up if she wanted to, and at that time said mortgage had not been placed of record in the

office of the Clerk of the County Court of said County of Ritchie"; that thereafter the plaintiff failed to reach a property settlement with his wife, principally on account of the unwillingness of the wife to turn over to her husband certain valuable property in the Village of Toll Gate in said county; that she attempted to dissuade the plaintiff from insisting upon that character of settlement, but was unable to influence him in that respect; that thereafter plaintiff, realizing that he could not obtain the property settlement he desired, and at the same time rid himself of his wife, in order to marry the defendant, requested that she live with him as his common-law wife, which she refused to do, and the so-called marriage engagement between them came to an end, but was later resumed, and the parties continued trying to find some way by which they could be married; that later it became apparent that there was no way by which they could be married, and their engagement to do so was terminated in the latter part of November, 1937; that prior to that date the plaintiff, "unknown to your defendant, had purloined and taken the said note and mortgage, which had theretofore constantly been in the possession of your defendant, from its place of safekeeping in the said residence of your defendant, to which the plaintiff at all times then had free access, and caused said mortgage to be recorded in said county court clerk's office, and retained both said mortgage and said note in his, the plaintiff's possession"; that it was not until after the marriage engagement was terminated that she discovered that the note and mortgage, which had been given to her by the plaintiff, were missing; that thereafter she married one Wallace Spurr, and her action so infuriated the plaintiff that he instituted his suit. On these allegations, the defendant avers that the said note and mortgage are wholly invalid, and not binding upon the defendant or her property, and that she is entitled to have a release of said mortgage, and to have said note canceled and delivered to her, and her prayer asks for that character of relief.

The plaintiff demurred to said answer, assigning the following grounds:

"*First,* that said answer does not constitute any defense to the said bill.

*Second,* that said answer seeks to avoid the allegations of the bill, but in so doing confesses to all the essential averments necessary to support a decree.

*Third,* that the said answer attempts to plead an oral agreement in direct conflict with the written agreement and mortgage declared on in the bill of complaint, which said attempt is contrary to the parol evidence rule."

The court sustained the demurrer, and, upon the joint application of the parties, certified its ruling to this Court, the certificate containing the same questions as those raised in the demurrer.

It is apparent that the sole question here presented is whether there was an executed gift of the note and mortgage by the plaintiff to the defendant. It is not necessary to decide whether, under the allegations of the cross bill, evidence could be introduced bearing upon the execution of the said note and mortgage. It is alleged that the plaintiff made to the defendant a gift of money, and that she was then induced to execute the note and mortgage, in order to cover up the transaction and keep it a secret from the plaintiff's wife. It is not specifically alleged that any fraud was practiced on the defendant in that connection. "In the absence of a showing of illegality, fraud, duress, mistake or insufficiency of consideration, the terms of an unambiguous written agreement may not be varied or contradicted by parol evidence of statements of any of the parties thereto made contemporaneously with or prior to the execution of such agreement." *Central Trust Co., Exr., v. Va. Trust Co.,* 120 W. Va. 23, 197 S. E. 12. In our opinion the allegations and cross bill are not sufficient, in respect to allegations of fraud, to permit testimony to be introduced touching the negotiations that led up to, and in connection with, the execution of the note and mortgage aforesaid.

But this does not settle the question. The answer and cross bill clearly avers that, after the note and mortgage were executed, plaintiff made to the defendant a gift of said note, and the mortgage securing the same, and delivered the possession of each to her. That a note or bond may be made the subject of a gift seems clear from all of the authorities, and a gift of a note or bond carries with it the right to have released a mortgage or deed of trust securing the same. We quote the following text from 24 Am. Jur. 768: "It may be taken as settled that the delivery of a written instrument evidencing an obligation to pay, such as a note or bond, with intent thereby to give the debt to the donee, is a good gift of the debt. This rule applies with particular force where the instrument delivered to the donee is indorsed by the creditor as paid. The same is true of the delivery of a note on the payment of a part, with intent to give the balance. The fact, however, that a note so delivered to the maker as a gift is unindorsed does not affect the validity of the gift. The requisite delivery may be either to the donee or to another for him. It has also been held that the delivery of a bond and mortgage to the mortgagor as a gift will be given effect as such though the papers are immediately redelivered to the donor for safekeeping, and that a completed gift of notes accomplished by delivery is not affected by the subsequent redelivery of the notes to the payee with the understanding that if he becomes in need he may call for a part of the same, although the redelivery is on the same day as the gift." Gifts are either *causa mortis* or *inter vivos*. Clear evidence is necessary to establish either, but a gift *inter vivos* may be established with less evidence than required to establish a gift *causa mortis*. Our decisions clearly uphold the principle that, by either method, there may be a gift of any type of personal property, including notes and bonds. *Seabright* v. *Seabright*, 28 W. Va. 412; *Claytor* v. *Pierson*, 55 W. Va. 167, 46 S. E. 935; *Whiteman* v. *Backus*, 102 W. Va. 454, 135 S. E. 390.

Of course, on a demurrer to a pleading, all facts well pleaded are taken as true. Here we have a clear allegation that the plaintiff made, completed and executed a gift of personal property to the defendant which, under the law, may clearly be made the subject of a gift. If this be true, then the plaintiff parted with all right and title to said note, and the mortgage securing the same; and having done so had nothing upon which he could maintain his suit. Whether the allegations of the cross bill can be sustained by proof is immaterial. We are dealing only with the allegations of the cross bill, and we think the particular allegation which alleges the gift of the note and mortgage, sets up a good defense to the plaintiff's suit, and that the demurrer to the answer and cross bill of the defendant should have been overruled.

The allegation in the cross bill, as to the alleged gift of the note and mortgage, does not involve the parol evidence rule. No question is raised as to execution of the note and mortgage, or the terms and construction of either. What is contended is that there was a subsequent gift and surrender thereof to the maker of the note, and if this be true, the legality or validity of the note and mortgage become unimportant. The parol evidence rule could only be applied to evidence bearing on the execution of the papers in question.

We therefore reverse the order of the Circuit Court of Ritchie County and remand the cause for further proceedings not inconsistent with our holding.

*Reversed and remanded.*