MILLARD FLANAGAN, AND HELEN FLANAGAN

*v.*

GREGORY AND POOLE, INC., *a corporation,*
JOHN J. WILLIAMS AND STATA WILLIAMS WELLS

(CC 783)

Submitted September 12, 1951. Decided December 11, 1951.

*Maxwell & Young* and *Haymond Maxwell, Sr.,* for plaintiffs.

*Clifford, Jones* and *White, Johnson & Johnson, William G. Johnson* and *Charles B. Johnson,* for defendants.

LOVINS, JUDGE:

This action was instituted in the Circuit Court of Harrison County by Millard Flanagan and Helen Flanagan, hereinafter designated as plaintiffs, against Gregory & Poole, Inc., a corporation, John J. Williams and Stata Williams Wells, hereinafter referred to as corporate defendant and individual defendants, respectively. After making the several rulings, hereinafter mentioned, the

trial court on its own motion certified certain questions to this Court.

Plaintiffs filed an original declaration in which it is alleged that the corporate and individual defendants erected and maintained a certain embankment for a roadway across the valley of the north branch of Sycamore Creek in Harrison County, and also that the said defendants erected an inadequate culvert under such roadway.

It is averred that the flow of water in the creek is impeded and that by reason thereof plaintiffs' land and buildings situate upstream from the lands of the individual defendants were flooded. It is alleged that the land, by reason of such flooding, was rendered unfit for agricultural purposes and the buildings belonging to the plaintiffs became unsuitable for occupancy as a residence.

Plaintiffs aver in the original declaration that the roadway and inadequate culvert constitute a nuisance. The amended declaration in which the same facts are alleged avers that the roadway and culvert constitute a nuisance and that the defendants wrongfully, injuriously, and negligently caused the damage to plaintiffs' land and buildings.

The original and amended declarations, and the special pleas filed by defendants, disclose that plaintiffs own a forty-seven acre tract of land contiguous to but situated upstream from certain lands owned by at least one of the individual defendants; that on April 7, 1947, the individual defendants leased their lands to the corporate defendant for the purpose of strip mining the Pittsburgh seam of coal; that in the course of strip mining the coal it was necessary to build an elevated roadway across the valley through which the north branch of Sycamore Creek flows; that the said roadway is elevated above the natural level of the valley; that the corporate defendant constructed a culvert under the raised roadway, which culvert, plaintiffs allege, is wholly inadequate to carry off the water in the creek; that because of the roadway and inadequate culvert the lands of plaintiffs were flooded

and rendered unusable for agricultural purposes and certain buildings situated on the land were rendered unfit and unusable for residential purposes.

Prior to the 25th day of June, 1950, the date of the alleged injury to plaintiffs' land, the corporate defendant had ceased to mine coal on the land of the individual defendants, and had ceased to use the roadway. The corporate defendant has had no interest in the land of the individual defendants, or ownership and possession of the roadway, since the month of October, 1948.

Defendants objected in writing to the filing of plaintiffs' amended declaration on the ground that a new and different cause of action from that alleged in the original declaration is therein alleged, and, therefore, there is a departure in pleading from the cause of action originally declared upon. The objections to filing the amended declaration having been overruled, the individual defendants demurred to the same.

The defendant Stata Williams Wells tendered a special plea along with her demurrer to the original declaration in which she alleged that, though she signed the agreement of lease between the individual defendant John J. Williams and the corporate defendant, at the time of signing the agreement she had no interest in the land on which the roadway and culvert were constructed; that she had had no interest in such land since the construction of the same; and that she had never maintained either the roadway or the culvert with the defendant John J. Williams, or the corporate defendant, or either of them. The plaintiffs demurred to her plea.

Defendant John J. Williams filed a special plea of estoppel to the amended declaration, which, in substance, alleges that he did not authorize the corporate defendant to construct or maintain the roadway and culvert in a negligent manner so as to injure the close and land of the plaintiffs; that he did not consent to or have knowledge of the construction and maintenance of such roadway and culvert in a negligent, wrongful, or unlawful manner;

that before the expiration of the coal lease held by the corporate defendant, to-wit, the 21st day of February, 1949, the plaintiffs brought an action at law in the Circuit Court of Harrison County solely against the corporate defendant; that in the action so instituted a verdict was rendered for the plaintiffs for the damages to their land by reason of the construction and maintenance of the roadway and culvert; that a judgment in favor of the plaintiffs for the amount of the verdict was rendered; that a writ of error to such judgment was granted by this Court and is now pending; that he, John J. Williams, was a witness for the corporate defendant in the action at law; that he then obtained full knowledge and information with regard to such action and was led to believe, and did believe, that the plaintiffs in such action had made an election to claim and recover permanent damages accruing by reason of the construction and maintenance of the roadway and culvert, and that he was misled in respect to such election of remedies by the plaintiffs; that by reason of such knowledge and belief he did not cause the corporate defendant to remove the roadway and culvert from the lands; that he otherwise would have required such removal; that the roadway and culvert are in the same condition as when constructed and maintained by the corporate defendant under the terms of the lease agreement; that the defendant has done nothing to change or alter the roadway and culvert; that he had done nothing by way of maintenance on the roadway; that he, however, had constructed a farm fence to prevent access to the roadway; that he has not used or maintained such roadway; and that the plaintiffs are therefore estopped from asserting a claim in the instant action against him. Plaintiffs interposed a demurrer to such plea.

The individual defendants filed a joint plea of estoppel substantially alleging that the lease by them to the corporate defendant, bearing date April 7, 1947, leased to it all the Pittsburgh vein or seam of coal suitable for strip mining underlying four certain tracts of land on Sycamore Creek, one of which tracts adjoins the land of the

plaintiffs; that the duration of such lease was for two years commencing April 7, 1947; that the lease provided that the corporate defendant should comply with all the laws of the State of West Virginia, and did not authorize the corporate defendant to do any unlawful or negligent act on said tracts of land; that the roadway and culvert were constructed solely by the corporate defendant and maintained by such defendant until the expiration of the coal lease on or about April 6, 1949; that the roadway and culvert were constructed and maintained by the corporate defendant within sight of plaintiffs' dwelling on their lands, and with the full knowledge of the plaintiffs, but is located more than three miles from the individual defendants' residence; that they had no knowledge that the roadway and culvert interfered with the flow of water in the north branch of Sycamore Creek until after the first day of February, 1949, when an action was instituted by the plaintiffs against the corporate defendant as sole defendant in which it was alleged that their lands and buildings had been permanently damaged. The special plea then goes on to allege in detail the issuance and service of process in the first action wherein the corporation was the sole defendant, and that the plaintiffs claimed damages in the sum of $1,250.00. In such special plea the declaration filed by the plaintiffs in the first action is set forth at length, as are the orders of the Circuit Court of Harrison County showing the impaneling of a jury, the return of a verdict, the rendition of a judgment, and the motion to set aside the verdict with the grounds in support of such motion. The plea, in effect, alleges that the action of plaintiffs in bringing the former action against the corporation as the sole defendant for recovery of damages constitutes an estoppel; that the individual defendants, relying upon the election of remedies by the plaintiffs and believing that they had recovered and had insisted upon recovery of permanent damages, did not require the corporate defendant to remove the roadway and culvert as the individual defendants otherwise "could and would have done". It is further averred in the special plea that the individual defendants have done nothing to

change the roadway and culvert or to maintain the same; that plaintiffs, by reason of the facts, are estopped from maintaining the instant action. Plaintiffs interposed a demurrer to the joint special plea.

The corporate defendant offered two special pleas marked special plea No. 1 and special plea No. 2. It is alleged in special plea No. 1 that the corporate defendant had no "interest in, ownership of, or possession of the earthern fill and roadway or the land upon which roadway * * * was located and maintained as alleged in the plaintiff's declaration; and had not had any interest in, ownership of, or possession of said earthern fill and roadway or said land upon which said roadway, * * * was located and maintained * * *" Plaintiffs demurred to special plea No. 1.

It is alleged in the corporate defendant's special plea No. 2, in effect, that the corporate defendant, at the time of the injuries alleged in plaintiffs' amended declaration, did not then or thereafter maintain and keep in place the roadway; that from and after the month of October, 1948, the corporate defendant had abandoned and surrendered all rights and privileges acquired by it under the coal lease of April 7, 1949; that the corporate defendant had no right or privilege to go upon the lands of the individual defendants where the roadway and culvert were located and do any act to "maintain, use or continue to maintain or use said haulway or roadway, * * *." Plaintiffs demurred to corporate defendant's special plea No. 2.

The trial court overruled the objections to the filing of the amended declaration and permitted the same to be filed; overruled the demurrer to the amended declaration by the individual defendants; overruled the plaintiffs' demurrer to the special plea filed by Stata Williams Wells; sustained a demurrer to the special plea filed by John J. Williams; sustained a demurrer to the special plea filed jointly by John J. Williams and Stata Williams Wells; and sustained demurrers to the corporate defendant's special pleas Nos. 1 and 2. The rulings so made were certified as hereinbefore stated.

The questions certified are substantially as follows:

1. Does the amended declaration introduce a new cause of action?

2. Does the amended declaration: (a) state a cause of action against the individual defendants; (b) are the individual defendants properly joined with the corporate defendant as parties to this action; (c) show a misjoinder of actions?

3. Are the facts pleaded in the special plea of Stata Williams Wells a good defense to this action?

4. Are the special plea of estoppel by John J. Williams and a similar joint plea by John J. Williams and Stata Williams Wells defenses to this action?

5. Are special pleas Nos. 1 and 2 of the corporate defendant good on demurrer?

At common law, a person injured by a private nuisance could maintain an action on the case for damages. II Chitty's Blackstone, page 174. In this jurisdiction there are statutes dealing with public nuisances. But we have found no legislative enactment concerning private nuisances.

An examination of the original and amended declarations show no substantial change in the allegations made in them, except that the amended declaration alleges the actions of the defendants as having been done "wrongfully", "injuriously", and "negligently". In *Pickens* v. *Boom & Timber Co.,* 51 W. Va. 445, 41 S. E. 400, it is held: "Unless such boom be negligently, unlawfully, or improperly erected or managed the corporation erecting or maintaining the same is not liable for any injury or damage occasioned thereby to others using the banks and bed of such stream for milling or other purposes." Though the case of *Pickens* v. *Boom & Timber Co., supra,* involved a claimed public right allegedly given by statute, we can see no valid ground of distinction between that case and the instant case for the purpose of the present discussion.

See *Wilson* v. *Timber Co.,* 70 W. Va. 602, 606, 74 S. E. 870. There are discussions in other cases which would seem to be contrary to the law as stated in *Pickens* v. *Boom & Timber Co., supra.* We think we are bound by that holding and are not disposed to overrule it. See *Gordon* v. *Ellenville & K. R. Co.* (N.Y.), 88 N. E. 14; *Brown* v. *City of Craig* (Mo.), 168 S. W. 2d 1080. An act done with the best of care may result in a nuisance. *Johnson* v. *City of Fairmont* (Minn.), 247 N. W. 572. The creation of a nuisance is the violation of an absolute duty. Negligence is the violation of a relative duty. *Herman* v. *City of Buffalo* (N.Y.), 108 N. E. 451. In the circumstances of the instant case, we can see no occasion for the allegations of negligent acts done by the defendants. Since it is alleged that their acts were done wrongfully, the allegation of negligence, in our view, is harmless and does not operate to change the identity of the action.

In *Mulvay* v. *Hanes,* 76 W. Va. 721, 86 S. E. 758, it is held: "So long as the identity of the cause of action originally averred is preserved, an amended declaration is not demurrable merely because it introduces additional phases or circumstances of the same wrong complained of in the first pleading." See *Morrison* v. *Judy,* 123 W. Va. 200, 204, 13 S. E. 2d 751; *Merrill* v. *Torpedo Co.,* 79 W. Va. 669, 92 S. E. 112. As to application of a similar principle to the amendment of a bill in equity, see *Halterman* v. *Burgess,* 128 W. Va. 23, 35 S. E. 2d 436; *Cox* v. *Coal & Oil Investment Co.,* 61 W. Va. 291, 56 S. E. 494.

The original declaration in this action is clearly an action of trespass on the case for damages accruing from the erection and maintenance of a structure resulting in a private nuisance. The amended declaration maintains the identity of the cause of action originally declared upon by the plaintiffs. Therefore, the objections of the defendants to the filing of the amended declaration were properly overruled.

The demurrer of the individual defendants to the amended declaration assigns two grounds in support of

such demurrer, i.e., that their lands were leased to the corporate defendant for a lawful purpose, which was not inherently injurious to the property of the plaintiffs; that the corporate defendant constructed the roadway and inadequate culvert, and that the individual defendants are not liable for the manner in which that was done by the corporate defendant.

The amended declaration alleges in substance that the roadway and culvert was constructed with the consent, approval, and acquiescence of the individual defendants, and with their knowledge. All facts well pleaded on demurrer are taken as true. *Taylor* v. *Spurr*, 126 W. Va. 773, 30 S. E. 2d 84. Accordingly, the allegations of the amended declaration as to the consent, knowledge, approval, and acquiescence of the individual defendants with respect to the roadway and culvert are treated as true.

It is a matter of common knowledge that if a fill, dam, or embankment is constructed across the course of a flowing natural stream with inadequate outlet for the water naturally flowing in such stream, waters therein are likely to overflow the lands of an upper riparian owner to his damage. With the knowledge, consent, and acquiescence of the individual defendants so alleged, we think that the individual defendants are not discharged from liability by reason of the fact that the corporate defendant erected and used the roadway and culvert. Also, it is a reasonable assumption that the individual defendants benefited from the agreement between them and the corporate defendant for the mining and removal of their coal. The individual defendants permitted the corporate defendant to erect the roadway and culvert so as to carry out the object of the lease agreement. The possibility of injury to plaintiffs' land and buildings was inherent in the permitted acts of corporate defendant. True, the individual defendants had a right to deal with the waters of the north branch of Sycamore Creek in any manner they saw fit if such action on their part did not cause the waters of the creek to encroach upon the property of the

plaintiffs. *Hargreaves* v. *Kimberly*, 26 W. Va. 787. But in the instant case the declaration avers that their action in permitting the erection and maintenance of the structures caused damages to the lands of plaintiffs. The amended declaration states a cause of action against the individual defendants. We therefore affirm the ruling of the trial court on the demurrer of the individual defendants to the amended declaration.

The individual defendants having given permission for the erection of the roadway and culvert, and having acted in concert with the corporate defendant in furtherance of a common interest, and the acts of all the defendants having caused the injury complained of, we know of no reason why the individual defendants should not be joined with the corporate defendant as parties to this action. There is no misjoinder of actions in the instant case.

The apportionment of damages caused by either of them, should the plaintiff recover, presents a question not now before us.

If Stata Williams Wells, as pleaded in her special plea and as admitted by the plaintiff on demurrer thereto, did not, at the time the lease agreement was executed, or thereafter, own the land on which the roadway and culvert were constructed, she could not effectively give permission to the corporate defendants for the erection of such structures. If those facts are true, they present a defense to this action as to her. The ruling of the trial court on the demurrer to the pleading of Stata Williams Wells is affirmed.

John J. Williams, in his separate plea of estoppel, seeks to avoid liability on three grounds: (1) that he did not have possession when the roadway and culvert were constructed; (2) that he did not authorize the construction of the roadway and culvert in a negligent, wrongful, or unlawful manner; and (3) that the plaintiff has recovered damages against the corporate defendant, which action is still pending. Such plea deals with the construction and

maintenance of the roadway and culvert prior to the surrender of the possession of the land on which the same were constructed by the corporate defendant. We note that this plea is inconsistent with the admission made by Williams on his demurrer to the amended declaration. But that is not a ground for sustaining the demurrer. Though the facts pleaded by Williams may operate to discharge him from liability for the erection of the offending structures, proof of those facts would not discharge his liability for maintenance thereof, alleged in the amended declaration. Especially is this true when in his separate plea he admits that he gained knowledge of the existence of the roadway and culvert when he testified as a witness for the corporate defendant in the separate action in which the corporate defendant was the sole defendant and on which he relies for estoppel.

Williams alleges in the same plea that the plaintiff is estopped because of the return of a verdict and the rendition of a judgment thereon in the separate action mentioned. He also alleges that a writ of error was granted by this Court and that it is still pending. His knowledge of the existence of the structures leaves him liable for damages caused by the maintenance of the dam and inadequate culvert. We do not think that he can evade such liability by passively allowing the structures, which allegedly caused the overflow of plaintiffs' land, to remain in their present condition.

In the brief of plaintiff we are urged to take judicial notice of the fact that the writ of error pleaded by Williams as pending has been disposed of in this Court and that such judgment has been reversed. We do not take judicial notice of the record in another action whether it is in this Court or another court. *Carper v. Montgomery Ward,* 123 W. Va. 177, 13 S. E. 2d 643. The holding in the *Carper* case is supported by numerous authorities therein cited. The plea here considered, however, alleges that the first action is still pending on a writ of error. If that is true the judgment in the first action has no finality and would not estop plaintiffs. For the reasons that the sepa-

rate plea of John J. Williams pleads only a partial defense to this action, as well as an unfounded estoppel, we are of opinion that the plea was bad on demurrer, and, therefore, the ruling of the trial court on the demurrer to such plea is affirmed.

What has been said with reference to the separate special plea of John J. Williams is equally applicable to the joint plea of estoppel filed by him and Stata Williams Wells. We make this additional observation, however, that in the joint plea filed by them they allege numerous facts by way of inducement and finally allege the verdict and judgment in the separate action with much detail as constituting a ground of estoppel. But that is not true, since according to the record, the first action is still pending on a writ of error granted by this Court.

Whether a given case requires an award of permanent damages or temporary damages depends upon principles heretofore established in this jurisdiction. In the case of *Guinn* v. *Railroad Co.*, 46 W. Va. 151, 33 S. E. 87, it is held that if a private nuisance is such that the continuance thereof is necessarily an injury, and it is of a permanent character, "that will continue without change from any cause without human labor, and dependent for change on no contingency of which the law can take notice, then the damage is original and permanent, * * *." In such case entire damages past and future may be recovered. It is held to be otherwise "where the damage is not continuous, but intermittent, occasional, or recurrent from time to time." In the case of *Keene* v. *Huntington*, 79 W. Va. 713, 92 S. E. 119, it was held that the construction of an incinerator by the municipality was a permanent injury to plaintiff's land. The third point of the syllabus of the *Keene* case reads as follows: "If the injury to such adjoining property arises solely from the negligent or improper operation of such plant, then such injury is of a temporary character, and damages for such injury must be recovered in successive actions." In the *Keene* case numerous authorities are cited and compared, and in the body of the opinion, at pages 724 and 725, the following

language is used: "This review of the authorities indicates the character of the injuries to real estate which the courts have construed to be permanent within the meaning of the rule above laid down. From them the rule is deduced that where the injury to real estate is such as to affect its value permanently, permanent damages can be recovered for that injury; or, if the character of the agency, from the operation of which the injury arises, is such that it can reasonably be expected to continue for an indefinite time, and its operation in the ordinary and proper way produces the injury complained of, the plaintiff not only can, but he must, if he would recover damages at all, sue and recover permanent damages." Undoubtedly the roadway and inadequate culvert were constructed for temporary purposes, and, according to the record, are no longer being used. We are therefore of the opinion that this action presents a case for the recovery of temporary damages only. We think the joint plea of estoppel is substantially the same as the separate plea by John J. Williams and is subject to the same criticism and defects. Therefore, the ruling of the trial court on the demurrer to that plea is affirmed.

The basis of the special plea No. 1, filed by the corporate defendant, is that it has had no possession of, ownership, or interest in, the land on which the roadway and culvert are erected, and that they have not maintained such structures since the month of October, 1948. It is not denied in "plea No. 1" that the corporate defendant erected the roadway and culvert and now seeks to escape liability by pleading the expiration of the lease and abandonment of the premises. This is contrary to the holdings of this Court in *Pickens* v. *Boom & Timber Co., supra,* wherein it was said: "The original erector of a nuisance or that which creates a nuisance cannot escape responsibility by conveying the premises away, much less by leasing them." The Court cited in support of that statement, *Plumer* v. *Harper,* 3 N. H. 88, as well as a note appended to the opinion in that case appearing in 14 Am.

Dec., page 366. See 39 Am. Jur., Nuisances, §32, *et seq.;* 66 C. J. S., Nuisances, §83.

The special plea No. 1 filed by the corporate defendant, failing to deny the erection of the structures allegedly causing the nuisance, was bad on demurrer, and accordingly the ruling of the trial court on the demurrer to that plea is affirmed.

Special plea No. 2 filed by the corporate defendant alleges in a general way the same facts as alleged in its special plea No. 1, and specifically alleges that the corporate defendant abandoned and surrendered all rights and privileges under the coal lease agreement, and denies that it had any right to go upon the lands of the individual defendants and maintain the roadway and culvert and thus, by implication, that it was not the duty of the corporate defendant to abate the nuisance. What has been said with reference to special plea No. 1 of corporate defendant is applicable to special plea No. 2 of such defendant. In special plea No. 2 the fact alleged in the amended declaration, that the offending structures were erected by the corporate defendant, is entirely ignored.

In effect, the special pleas Nos. 1 and 2 of the corporate defendant say, as a matter of law, that it could erect the offending structures on the lands of the individual defendants, causing the waters of the north branch of Sycamore Creek to overflow the lands of the plaintiffs; that the corporate defendant could then abandon its lease, leaving a situation of which it was the originator, and so escape liability for damages to the plaintiffs' land. We do not accede to that proposition.

The simple basic facts for decision by a jury are that defendants are charged with joint action in erecting and maintaining the roadway and culvert; that such erection would necessarily and in the course of events, having regard to natural laws, cause the waters to overflow the lands of the plaintiffs.

We think that this action is now properly before the Circuit Court of Harrison County upon the pleas of "not

guilty" of the individual and corporate defendants and the special plea of Stata Williams Wells, and that no one will be deprived of a just defense by the rulings of the trial court on the motion to reject the amended declaration and demurrers to the various special pleas hereinabove mentioned.

Accordingly, the rulings of the Circuit Court of Harrison County are affirmed.

*Affirmed.*