# CHARLESTON.

STATE *ex rel.* J. H. HALL v. COUNTY COURT OF GILMER COUNTY *et al.*

Submitted December 28, 1920.   Decided December 28, 1920. Opinion Filed January 12, 1921.

1. OFFICERS—*Contest Does Not Prevent Contestee's Induction Into Office.*

   The pendency of an election contest by one candidate against another for the same office does not adversely affect the right of the contestee to be inducted into the office, if, upon the face of the returns duly canvassed, the board of canvassers ascertains the result to be favorable to him, and so declares upon its record, and issues to him the required certificate, and he otherwise complies with all preliminary legal requirements. (p. 439.)

2. MANDAMUS—*Writ Lies to Enforce Right of Person Elected to Office.*

   If a person who thus shows prima facie legal right to the office is denied induction into such office, he may enforce such right by mandamus. (p. 441.)

3. OFFICERS—*One Failing to File Expense Account is Not Permanently Disqualified From Holding Office.*

   Although sections 8-b (6) and 8-b (8), chapter 5, Code 1918, exact promptness in the preparation and delivery of the expense account of every candidate for public office, the statute, when read and considered in its entirety, manifests no express

87 W. Va.

or implied determination to disqualify permanently one who is tardy in that respect from discharging the functions and receiving the emoluments of the office to which he has been elected, but only until he has filed the required statements. (p. 439.)

Mandamus by the State, on the relation of J. H. Hall against the County Court of Gilmer County and others.

*Writ awarded.*

*M. B. Morris, J. D. Jones,* and *Linn Brannon,* for relator.
*L. H. Barnett* and *W. W. Brannon,* for respondents.

LYNCH, JUDGE:

Having received a substantial majority of the votes cast by the qualified electors for the office of sheriff of Gilmer County, at the election held and conducted November 2, 1920, and the certificate showing the result of such election as between himself and J. F. Vanhorn, his only opponent or rival candidate, and having taken the formal oath of office and executed the required bonds, J. H. Hall, the relator, moved the county court to accept and approve these essential prerequisites tendered by him for approval and to permit him to be inducted into the office for the term beginning on the first day of January, 1921. This motion the court refused to grant, and in response to the command of the alternative writ heretofore awarded the court and its several members undertake to justify the refusal upon four several grounds: (1) That Hall was not a candidate in the preceding primary for nomination as a candidate for the office of sheriff of the county; (2) was not named or nominated as such candidate within twenty days thereafter by the county executive committee of the political party with which he affiliates; (3) that there was pending, though not docketed, a notice served upon Hall of a contest by Vanhorn of Hall's election to the office; and (4) that Hall failed to file with the clerk of the county court within not less than seven and not more than fifteen days before the primary and general elections the itemized and verified detailed statement of the expenses incurred and obligations assumed by him in each election and

of other information required by section 8b (6), chapter 5, Code 1918.

The first and second objections cannot avail by way of justification of the court's refusal of affirmative action upon Hall's motion, or warrant like action by this court by way of favorable consideration of respondents' insistence upon lack of jurisdiction to award its compulsory process to enforce the induction of Hall into the office he was elected to fill. For, as held in *Trunick* v. *Town of North View,* 80 W. Va. 9, the canvass of election returns, ascertainment and declaration of the result, and issuance of the certificate of election to a successful candidate, the taking of the necessary oath, the execution and delivery of the necessary bonds as and when required, prima facie entitle such candidate to be admitted into office. Hall was in possession of all these essential prerequisites when he moved the court to grant him permission to quality preparatory to the discharge of the duties of the position for which he was elected.

Likewise, the third objection is untenable, according to the rule established in *Griffith* v. *County Court,* 80 W. Va. 410, in accord with the generality of the decisons dealing with the subject. Under the holding in that case the pendency of an election contest is not an impediment to the induction into office of the person so selected, whatever may be the final result of the proceeding.

The fourth and last ground relied on is no more substantial, although, casually considered, it may seem to have some weight upon the merits of the controversy. The section cited by respondents does require every candidate for public office to file with the clerk of the county court a detailed account of his preliminary and final expenses in promoting his nomination and election not later than seven or more than fifteen days before and also again within thirty days thereafter; and section 8b (8) of the same chapter directs the withholding from him, if elected, of the commission or certificate of election and the right to have the oath of office administered to him upon his failure to comply with these provisions. These requirements and qualifications of the

right of a successful candidate to be inducted into office, however, do not fully or finally express the legislative mind or purpose with reference to his right to qualify to discharge the duties of such office. For, though apparently somewhat inconsistent with earlier expressions of intent relative to the same subject matter, the Legislature evidently deemed it wise or necessary to modify what it may, upon further reflection, have considered unduly harsh and drastic conditions, and with this end in contemplation, doubtless, it added the closing qualification which reads: "And no such person shall enter upon the duties of his office until he has filed such statement, nor shall he receive any salary or emolument for any period prior to the filing of such statement."

Hall, doubtless in anticipation of this provision, did, on October 30, 1920, three days prior to the date of the general election, file with the clerk of the county court the preliminary statement thus required of him, and again on November 20th, within thirty days after the election, filed the second statement so required, and on December 14th, with the certificate of election, the written oath of office, and the necessary bonds in his possession, made the motion for permission to qualify for the discharge of the duties of the office for the ensuing term.

Every provision of a statute must be given force and effect, when possible without violence to the statute as a whole, and be construed together with other provisions so as to accomplish the object intended by its enactment. Every canon of statutory construction so requires. It is the universal rule, and when applied in this instance, as it must be, the provision quoted cannot be ignored, and no insuperable impediment obviates or obstructs its due application to the facts of this case. Although the two sections exact promptness in the preparation and delivery of the expense accounts of every candidate, the statute, when read and considered in its entirety, manifests no express or implied determination to disqualify permanently one who is tardy in that respect from discharging the functions and receiving the emoluments of the office to which he has been elected, but only until he has

filed the required statements. This construction is reen-forced by another pertinent provision of the same chapter. For section 16 provides for the punishment of a delinquent candidate, whether successful or unsuccessful, by fine and, at the discretion of the court, by confinement in the county jail. Evidently the intention is not to deprive a candidate chosen to discharge the duties of a public office of the privi-lege of assuming such office, provided the statements are filed as finally prescribed by the statute. On the contrary, its obvious purpose is to permit him to fill the office from the time the proper papers are filed, subject to the liabilities otherwise provided for such delinquency.

Hall did not, it is true, file an account of the expenses incurred by him in the primary election for the all sufficient reason that, as respondents admit, he was not then a candi-date for nomination. We do not at this time discuss other questions now involved in the contest pending before the county court.

So well settled is the right of relator to the aid of the writ prayed for that it is unnecessary now to discuss that subject. For the reasons stated we award the writ.

*Writ awarded.*