# CHARLESTON.

EVAN HALL *v.* A. R. STEPP
and
W. F. HATFIELD *et al. v.* J. C. LAWSON *et al.*

(Nos. 6047 and 6148)

Submitted April 17, 1928.    Decided April 24, 1928.

1.  MANDAMUS—*Mandamus is Proper Remedy for Inducting Rightful Claimant Into Office; Mandamus to Induct Rightful Claimant Into Office May be Maintained in His Own Name or in State's Name at His Relation.*

    Mandamus is the proper remedy to induct a rightful claimant into an office and may be maintained in his own name as well as in the name of the state at his relation. (p. 491.)

    (Mandamus, 38 C. J. §§ 537, 548.)

2.  SAME—*To Successfully Maintain Mandamus Against Incumbent, to Induct Rightful Claimant Into Office, Such Claimant Must Show Clear Legal Right.*

    To successfully maintain such suit, however, against the incumbent in office, the claimant is bound to show a clear legal right thereto. (p. 492.)

    (Mandamus, 38 C. J. § 56.)

3.  SAME — MUNICIPAL CORPORATIONS—*Incumbent, Defending Right to Office, May Defeat Recovery in Mandamus by Showing Claimant's Ineligibility; Member of Department of Public Safety Held Not Eligible to Appointment as City's Chief of Police (Williamson City Charter, § 6).*

    An incumbent in office who in good faith challenges the

validity of the proceeding by which it is asserted he was re-
moved, and the claimant substituted, and also the eligibility
of the claimant to hold the office, may defeat recovery by
showing the fact of such ineligibility.    (p. 192.)

(Mandamus, 38 C. J. § 290.)

4.  OFFICERS—*Incumbent May Interpose Injunction to Protect
His Possession of Office Until Claimant Has Fully Estab-
lished Legal Right.*

Injunction may be interposed by an incumbent in office to
protect his possession, and the peace and good order of society
until such claimant has fully established his legal right to
the office.    (p. 493.)

(Officers, 29 Cyc. p. 1416.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Appeal from Circuit Court, Roane County.

Proceeding by Evan Hall for mandamus to be directed to
A. R. Stepp, acting as Chief of Police of the City of William-
son; and suit by W. F. Hatfield and others against J. C.
Lawson and others.    Judgment in the first cause for plaintiff,
and defendant brings error.    Plaintiffs in second cause appeal
from an adverse decree.    Causes consolidated on appeal.

*Judgment in the first cause reversed; appeal dismissed;
decree in second cause reversed; cause remanded.*

*Ira J. Partlow,* for Hall.

*Goodykoontz & Slaven* and *Chlide Nelms,* for Stepp.

*Goodykoontz & Slaven* and *Chlide Nelms,* for Hatfield and
others.

*Lafe Chafin,* for Lawson and others.

MILLER, PRESIDENT:

The first case is here upon a writ of error and supersedeas
awarded on the petition of defendant to the judgment of the
circuit court of Mingo county pronounced on June 24, 1927,
wherein that court overruled defendant's motion to quash the
alternative writ of mandamus, and notwithstanding his re-
turn in writing and the demurrer of the plaintiff thereto, over-
ruled, and issue thereon, and motion of the plaintiff for the
peremptory writ of mandamus prayed for, notwithstanding

said answer and return, overruled, and after the hearing on the issues joined on the pleadings and evidence adduced, adjudged, ordered and directed that the said Stepp, hitherto acting or attempting to act as Chief of Police of the City of Williamson, be and he was thereby commanded in the name of the State of West Virginia, at once to cease usurpation of the powers and functions of said office of Chief of Police of said city, and at once to turn over to the said Evan Hall all documents, warrants and papers, keys of the city jail, the possession of the room provided for the chief of police in the city hall of said city, and all other matters and property pertaining to said office and under his control or in his possession, and to at once cease usurpation of the office of chief of police of said city.

. The defendant Stepp holding by right of prior appointment, by demurrer, answer and motions interposed to the writ, challenges the validity of the proceedings of the city commission on June 10, 1927, by which the commissioners undertook, summarily and without notice to them, to remove from office the said Stepp as chief of police and all patrolmen then in office and to substitute Hall as chief of police in place of Stepp, and other peace officers in place of the then incumbents; and also challenged the qualifications of said Hall not averred in the writ.

That mandamus is the proper remedy to induct the rightful claimant into an office is well settled. *Booten* v. *Pinson*, 77 W. Va. 412; *Trunick* v. *Town of Northview*, 80 W. Va. 9. And contrary to the contention of defendant the proceeding may be in the name of the individual as well as in the name of the State at the relation of the claimant. *Fisher* v. *City of Charleston*, 7 W. Va. 595; *State ex rel. Matheny* v. *County Court of Wyoming County et al.*, 47 W. Va. 672, 35 S. E. 959.

But it is said that the attempt to remove Stepp summarily and without notice was a violation of section 6, Article IV of the Constitution. The answer of plaintiff's counsel to this proposition is that where, as here, the term of office is not prescribed by statute or ordinance, but is at the will or pleasure of the appointing power, no notice is required, but

that the term may be made to end at any time such will is indicated.	Whether notice is required in such cases, and an opportunity to be heard as claimed by respondent, and whether the ordinance or resolution of removal could, or could not, be read and passed at the meeting of introduction and become valid unless by unanimous agreement of the council, and whether said ordinance and resolution were also subject to the veto power of the Mayor, timely interposed by respondents, present nice questions of law which we are of opinion are not necessarily involved.

These are the grounds of defense which were interposed by plaintiff in error, and they give him a standing in the case to oppose the ousting of him of his rights to maintain possession of the office, and to contest the validity of the appointment of Hall and without being adjudged an interloper. The petition to succeed, therefore, is bound to show a clear legal right to the office from which he would oust the defendant. *State* v. *Spencer,* 93 W. Va. 516; *State* v. *Kuhn,* 94 W. Va. 415; *State* v. *Board,* 92 W. Va. 647.

The main defense is that the petitioner at the time of his alleged appointment, whether the proceedings were valid or invalid, was ineligible to such appointment. If he was ineligible to appointment, his appointment was illegal, and he has no right to assert title to the office against any one with right to contest his appointment. Section 6, Chapter 20, of the Acts 1919, Municipal Charters, page 389, provides: ''No person holding an elective or appointive office under the State or County government shall be eligible to *appointment* to any office under the City government.'' It is admitted that at the time of the alleged appointment on June 10, 1927, of Hall and others to these municipal offices, Hall was then a member of the Department of Public Safety, and that his official connection with that department did not cease until June 19, 1927. Being at the time of his appointment ineligible thereto, the appointment was void and he had no right thereto. *Bunting* v. *Willis,* 27 Gratt. 144. This will result in a reversal of the judgment below, a denial of the peremptory writ, and a dismissal of the plaintiff's petition with costs

to the defendant in this Court and in the circuit court in this behalf expended.

The purpose of the bill in the equity cause and of the preliminary injunction awarded therein, dissolved in the court below by the decree appealed from, was not to determine the question of the right and title to the office in question, but to protect the possession of the officer, whether *de facto* or *de jure*, until the right shall be established by law, and to preserve the welfare and good order of society. Equity has jurisdiction for that purpose, and the court below erred in dissolving that injunction. 5 Pomeroy's Eq. Jur., sec. 335, p. 591. The decree of October 11, 1927, will therefore be reversed, the injunction reinstated, and the cause remanded for further proceedings, with costs to appellant incurred on this appeal.

*Judgment in the first cause reversed; appeal dismissed; decree in second cause reversed; cause remanded.*