State *ex rel.* Alvis Porter

*v.*

W. E. Bivens and William C. Dingess, *etc.,* The County Court of Logan County, *etc., et al.*

(No. 12659)

Submitted March 31, 1967.       Decided June 27, 1967.

666

Calhoun, President, dissenting.

*Slaven, Staker & Smith, Zane Grey Staker,* for relators.

*William L. Jacobs, Naaman J. Aldredge,* for respondents.

HAYMOND, JUDGE:

This is an original mandamus proceeding instituted in this Court, in which the petitioner, Alvis Porter, seeks a writ to compel the defendants, W. E. Bivens and William C. Dingess, Commissioners of the County Court of Logan County, The County Court of Logan County, and W. E. Brewer, to recognize the petitioner as a member of the County Court of Logan County and to admit him to that office as such member, and to compel the defendant W. E. Bivens to vacate the office of Commissioner of the County Court of Logan County and surrender such office to the petitioner pending the conclusion of an election contest instituted by the defendant W. E. Brewer in the County Court of Logan County and which has not yet been determined.

Upon the verified petition and the exhibits with it, consisting of copies of the certified returns of the General Election held November 8, 1966, of an order of the County Court entered March 14, 1967 filing a notice of election contest and refusing to qualify the petitioner for membership on the County Court until after the conclusion of the election contest for the stated reason that the petitioner is not qualified for such office, of the oath of office administered to the petitioner on March 14, 1967 by the Clerk of the Circuit Court of Logan County, and of an order of that court entered March 15, 1967 approving the official bond in the penalty of $5,000.00, executed by the petitioner, this Court, on March 27, 1967 issued a rule returnable before this Court on March 31, 1967. To the petition the defendant W. E. Brewer filed his written demurrer and his separate answer and to the answer of the defendant Brewer the petitioner filed his written demurrer. The defendants W. E. Bivens and William C. Dingess did not file a demurrer or an answer to the petition.

The proceeding was submitted for decision upon the foregoing pleadings and demurrers and the briefs

and the oral arguments in behalf of the petitioner and the defendant Brewer and upon the brief in behalf of the defendants W. E. Bivens and William C. Dingess, Commissioners of the County Court of Logan County.

By order entered April 4, 1967 this Court, being of the opinion and holding that the petitioner, notwithstanding the pending election contest, was prima facie entitled to the office of Commissioner of the County Court of Logan County, Judge Calhoun dissenting, awarded a writ of mandamus against the defendants W. E. Bivens and William C. Dingess, Commissioners of the County Court of Logan County, and the County Court of Logan County, which commanded them to admit the petitioner to the office of Commissioner of the County Court of Logan County and commanded the defendant W. E. Bivens forthwith to vacate the office of Commissioner of the County Court of Logan County and to surrender such office to the petitioner.

Though the foregoing order contains no reference to an opinion of this Court, this opinion, which has been prepared because the dissenting judge of this Court filed for publication in the official case reports a dissenting opinion to the decision rendered by such order, is now announced and filed for the purpose of stating the reasons which caused this Court by the vote of its majority to award the writ and to grant the petitioner the relief specified in the order.

As the petitioner seeks only to enforce his claimed prima facie legal right to be admitted to the office of Commissioner of the County Court of Logan County and not to establish ultimate title to such office, the sole question for decision in this proceeding is whether the petitioner has shown a clear prima facie legal right to be admitted to that office as a result of his election to it at the general election in November 1966. If he has, the writ should be awarded; if he has not, the writ should be denied. No question as to

the ultimate title to the office or the eligibility or the qualification of the petitioner to hold such office and, after his induction, to continue to occupy it during the term for which he may have been elected, is here involved, although the defendant Brewer, by certain allegations in his answer and statements in its exhibits, undertakes to present that question and to obtain a decision upon it in this proceeding, and a judge of this Court who dissents does so for the principal reason that such question has not been considered and determined by this Court.

In substance the petition alleges that the petitioner ran for the office of Commissioner of the County Court of Logan County as the candidate of the Democratic Party against the defendant Brewer, the candidate of the Republican Party, at the general election in November 1966; that after the conclusion of the canvass of the election returns and a recount demanded by the petitioner, the board of canvassers of that county found and determined upon the recount that he had received 9017 votes and Brewer had received 8794 votes for such office and issued a certificate of election to the petitioner; that immediately after the adjournment of the board of canvassers, the county court met in session, at which a notice of contest of the election was filed by the defendant Brewer and served upon the petitioner; that upon motion of counsel for the defendant Brewer, the county court by vote of the two defendants Bivens and Dingess, the other commissioner dissenting, refused to qualify the petitioner or to accept his certificate of election and sustained a motion to bar petitioner from his seat as a commissioner of the county court; that on March 14, 1967 the petitioner took the oath of office which was duly administered by the clerk of the circuit court of Logan County who signed the requisite certificate of the administration of such oath and the petitioner undertook to file such certificate with the county court and its deputy clerk, who, at the direction of the defendant Biven, refused to accept such certificate; that

on March 15, 1967 the petitioner appeared before the circuit court of Logan County and executed a proper official bond with surety in the penalty of $5,000.00 fixed by the circuit court which was approved by order of that court; and that by reason of the foregoing the petitioner, having received a certificate of election, taken the prescribed oath and given bond in the penalty and with surety approved by the circuit court, is entitled to be inducted into the office of Commissioner of the County Court of Logan County.

The petitioner prays that he be granted that relief against the defendants Bivens and Dingess as Commissioners of the County Court of Logan County and that the defendant Bivens be required to vacate the office to which the petitioner was elected and to surrender it to the petitioner pending the conclusion of the contest of election.

As already indicated the defendants Bivens and Dingess did not answer or deny the allegations of the petition.

The separate answer of the defendant Brewer does not deny the material facts alleged in the petition relating to the election of the petitioner and his action in qualifying by taking the oath and giving bond, except to the extent that the answer charges, in effect, that the petitioner's action in taking the oath and in giving bond, contrary to the order of the county court refusing him permission to do so, was premature, improper and illegal and that as his surety on the bond is now seeking its cancellation, the petitioner has not given a valid and proper bond. The answer also contains a general denial and a general allegation that the petitioner is not entitled to be admitted to the office of Commissioner of the County Court of Logan County. In addition the answer alleges, in substance, that the petitioner is guilty of violating Article VI, Section 14 of the Constitution of West Virginia, which provides, in part, that "No person who may have collected or been entrusted with public money, whether

State, county, township, district, or other municipal organization, shall be eligible to the legislature, or to any office of honor, trust, or profit in this State, until he shall have duly accounted for and paid over such money according to law.'', in that he collected public money while acting as constable prior to January 1, 1967 and failed to account for and pay over such money prior to that date, which was the beginning of the term of the office sought by the petitioner, and that by an order of the circuit court entered March 4, 1967 in a proceeding to remove the petitioner from that office, that court found that the petitioner, during his term of office as constable, had wilfully and repeatedly charged, received and failed to account for and pay over according to law public money to which he was not entitled and has not accounted for and paid over such money; and that the petitioner was guilty of official misconduct, malfeasance in office, incompetency and neglect of duty, and should be removed from such office. The judgment of the circuit court, as shown by a certified copy of its order filed as an exhibit with the answer was not that the petitioner had received and failed to account for and pay over any designated sum of public money, though the circuit court made a finding that he had received and failed to account for public money, or that he had been convicted of that offense, but that he should be and was removed from the office of constable of Logan District in that county. The effect of the allegations of the answer in that respect is merely to show that the circuit court considered the undenied evidence in the removal proceeding of the failure of the petitioner to account for and pay over such money to be one of the grounds for his removal from the separate and distinct office of constable and does not constitute a binding judicial determination of his ineligibility or disqualification to hold the office of Commissioner of the County Court of Logan County which question was not in issue in the proceeding to remove the petitioner from the office of constable

previously held by him. The same charges of failure to account for and pay over public money are incorporated in the notice of election contest, a copy of which is filed as an exhibit with the answer.

The obvious purpose of the answer of the defendant Brewer is to convert the present proceeding, in which is involved only the prima facie legal right of the petitioner to be admitted to the office which he seeks, not his right to hold it permanently, into a trial of the ultimate title of the petitioner to that office, which is not an issue in this proceeding but is one of the questions involved in the pending and yet undetermined election contest instituted and now being prosecuted by the defendant Brewer. This the defendant Brewer may not do. Though he may challenge the eligibility and the qualification of the petitioner to hold the office in question in the pending election contest or other proper proceeding to try the title to the office or to remove the petitioner from it, he may not, in view of the facts and circumstances shown by the record, do so in this mandamus proceeding. His contention that he may do so is devoid of merit and the assertion of the dissenting judge that ''it is not questioned that Alvis Porter's qualification or disqualification to take office as a county commissioner may be determined in this mandamus proceeding.'', is not supported by the record and is entirely unwarranted. The answer contains no allegation that the petitioner has been convicted in any criminal proceeding of failure to account for and pay over public money or that it has been judicially determined that he is in default in the payment of any designated amount of money. Both such situations were shown to exist in *Slater v. Varney*, 136 W. Va. 406, 68 S. E. 2d 757, 70 S. E. 2d 477 cited in the dissenting opinion, which was an election contest and not a mandamus proceeding. In the *Slater* case it was clearly established that the contestee Varney, who sought to have the election contest dismissed, had been found by an official tax commissioner audit to have failed to account for approximately $14,000.00

of public money and, though he had made certain payments, he was indebted to the various governmental agencies in the amount of approximately $6,000.00 at the time of the institution of the election contest, and that he had been indicted for the embezzlement of such public money and had entered a plea of guilty to such indictment. Those matters, of course, were involved in that contest of election and were properly cognizable and determinable in that proceeding; but the decision in the *Varney* case does not sustain the contention that such matters may be considered and determined in this mandamus proceeding.

Obviously, the judgment of removal, the only judgment rendered against the petitioner in the removal proceeding in the circuit court, is not *res judicata* of any issue involved in this proceeding for there the parties and the issues were different from those here involved. The fixed requirements for the application of the doctrine of *res judicata* are: "(1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made." *Marguerite Coal Company v. The Meadow River Lumber Company,* 98 W. Va. 698, 127 S. E. 644; *Barnett v. Wolfolk,* 149 W. Va. 246, 140 S. E. 2d 466; *Daugherty v. Ellis,* 142 W. Va. 340, 97 S. E. 2d 33; *Hannah v. Beasley,* 132 W. Va. 814, 53 S. E. 2d 729; *Carper v. Montgomery Ward and Company,* 123 W. Va. 177, 13 S. E. 2d 643; *Collins v. Treat,* 108 W. Va. 443, 152 S. E. 205. Here there are no such identities.

As to whether mandamus is the proper remedy to try title to a public office, the scope of the writ has not been clearly defined in this jurisdiction. In *Kline v. McKelvey,* 57 W. Va. 29, 49 S. E. 896, in which this Court held that mandamus is the proper remedy for the admission to office of a person who holds the clear legal prima facie right to it, the opinion, prepared by Judge Poffenbarger, contains these state-

ments: "The scope of the writ of *mandamus* in controversies concerning the title to office has not been very clearly defined in this state, though there are several cases illustrating such use of it. The most important of these are *Bridges v. Shallcross,* 6 W. Va. 562; *Goff v. Wilson,* 32 W. Va. 393; *Schmulbach v. Speidel,* 50 W. Va. 553, and *Dew v. Judges,* 3 Hen. & Munf. 567. It has often been judicially declared that *mandamus* is a proper remedy for the trial of title to office, and will lie where there is another appropriate remedy, because it is more speedy, and therefore a more adequate remedy.", (citing several cases from other jurisdictions). "On the contrary, it is more generally declared that *mandamus* is not the remedy for trial of title to office.", (citing numerous cases from other jurisdictions). "For the purpose of this case it suffices to say that the writ of *mandamus* is a proper remedy for the admission or restoration to office of one who holds the clear legal *prima facie* right to it."

Though in a few later cases mandamus has been resorted to in connection with the question of determining title to office, among them *State ex rel. Thomas v. Wysong,* 125 W. Va. 369, 24 S. E. 2d 463; *Hall v. Stepp,* 105 W. Va. 487, 143 S. E. 153; and *State ex rel. James v. James,* 73 W. Va. 753, 81 S. E. 550, in which this Court held or declared by dictum that mandamus may be invoked for that purpose, the obvious difference in the material facts and the character of the relief sought in those cases from the material facts and the relief sought in this proceeding, except *State ex rel. Thomas v. Wysong,* 125 W. Va. 369, 24 S. E. 2d 463, in which it appeared, as it does not appear in the present proceeding, that there was no other pending proceeding to try the title, clearly distinguish them from the present proceeding and they do not apply to or control the present decision. In none of them, except in *State ex rel. Thomas v. Wysong,* 125 W. Va. 369, 24 S. E. 2d 463, was the relief sought limited, as here, to the recognition and the enforcement of the

prima facie legal right of the petitioner to be admitted, without more, to the office to which he claims to have been duly elected and for which he has duly qualified. Whether mandamus is or is not the proper proceeding to try title to office, however, need not be and is not determined in the decision of this case, in which the relief sought by the petitioner is granted and this Court now declares, as it did in *Kline v. McKelvey*, 57 W. Va. 29, 49 S. E. 896, that, for the purposes of this case, the writ of mandamus is a proper remedy to admit the petitioner to the office of Commissioner of the County Court of Logan County because he has a clear legal prima facie right to that office.

In so holding this Court enunciates no new principle. In many cases it has held that mandamus is the proper remedy to admit or restore to office a person who shows a clear legal right to an office and is wrongfully excluded from it. *State ex rel. Leeber and Covey v. Board of Education of Raleigh County*, 143 W. Va. 584, 103 S. E. 2d 797; *Hertzog v. Fox*, 141 W. Va. 849, 93 S. E. 2d 239; *Stowers v. Blackburn*, 141 W. Va. 328, 90 S. E. 2d 277; *State ex rel. Rogers v. Board of Education of Lewis County*, 125 W. Va. 579, 25 S. E. 2d 537; *State ex rel. Thomas v. Wysong*, 125 W. Va. 369, 24 S. E. 2d 463; *State ex rel. Lambert v. The Board of Canvassers of Nicholas County*, 107 W. Va. 109, 147 S. E. 484; *State ex rel. Looney v. Carpenter*, 106 W. Va. 170, 145 S. E. 184; *Hall v. Stepp*, 105 W. Va. 487, 143 S. E. 153; *State ex rel. Hall v. County Court of Gilmer County*, 87 W. Va. 437, 105 S. E. 693; *Griffith v. County Court of Mercer County*, 80 W. Va. 410, 92 S. E. 676; *Trunick v. Town of Northview*, 80 W. Va. 9, 91 S. E. 1081; *Booten v. Pinson*, 77 W. Va. 412, 89 S. E. 985, L.R.A. 1917A 1244; *Martin v. White*, 74 W. Va. 628, 82 S. E. 505; *Kline v. McKelvey*, 57 W. Va. 29, 49 S. E. 896.

In the *Hertzog* case this Court held in point 2 of the syllabus that ''A person who has been duly elected

a member of the council of a municipality and who has taken and subscribed the oath of office within twenty days after his election has been ascertained and declared and before he enters upon the duties of the office is prima facie entitled to the office; and if he is wrongfully excluded from such office mandamus lies to admit him to it.'' In *State ex rel. Looney v. Carpenter,* 106 W. Va. 170, 145 S. E. 184, the petitioner Looney, who had been appointed to fill a vacancy in the office of sheriff, was awarded a writ in mandamus which required the occupant of that office to deliver possession of the office to the petitioner and this Court held, in point 2 of the syllabus, that a person who has been regularly appointed to fill a vacancy and who has qualified according to law is a *de jure* sheriff and may be inducted into office by mandamus and that ''A person having a clear *prima facie* right to an office evidenced by a valid certificate or order, or other legal evidence of his right issued by the proper authority, may invoke mandamus to assert his right to possession of the office.'' As here, the issuance of the writ did not determine the ultimate title to the office but merely awarded the petitioner possession of the office and required the occupant to deliver such possession to the petitioner.

In *State ex rel. Hall v. County Court of Gilmer County,* 87 W. Va. 437, 105 S. E. 693, the petitioner, having received a certificate of election as sheriff and having qualified by taking the formal oath and giving the required bond, requested the defendant county court to accept and approve those documents and to permit him to be inducted into that office for the term for which he had been elected. This the county court refused to do and, as a defense in the mandamus proceeding instituted against it in this Court, relied, among other defenses, upon the defense, in justification of its refusal to seat the petitioner, as here, that an election contest against the petitioner instituted by his election opponent was pending and undetermined. In denying that defense this Court, in point

1 of the syllabus, held that "The pendency of an election contest by one candidate against another for the same office does not adversely affect the right of the contestee to be inducted into the office, if, upon the face of the returns duly canvassed, the board of canvassers ascertains the result to be favorable to him, and so declares upon its record, and issues to him the required certificate, and he otherwise complies with all preliminary legal requirements."; and also held in point 2 of the syllabus that "If a person who thus shows prima facie legal right to the office is denied induction into such office he may enforce such right by mandamus." In the concluding portions of the opinion this Court used this particularly pertinent language: "We do not at this time discuss other questions now involved in the contest pending before the county court. So well settled is the right to relator to the aid of the writ prayed for that it is unnecessary now to discuss that subject."

In *Griffith v. County Court of Mercer County,* 80 W. Va. 410, 92 S. E. 676, the petitioner, claiming to have been elected to the office of Commissioner of the County Court of Mercer County and charging that he had been denied by the defendants, commissioners of the county court, a seat on that court and the right to participate in its proceedings, instituted a mandamus proceeding in this Court to compel those defendants, as does the petitioner in the present proceeding, to recognize the petitioner in that proceeding as a member of the county court and to admit him to that office. This Court held in points 1 and 2 of the syllabus that mandamus is the proper remedy to induct a person into office who shows a prima facie legal right to such office and is wrongfully excluded from it and that the pendency of an election contest between candidates claiming to be elected to fill a vacancy in the office of county commissioner, notwithstanding its determination may incidentally and collaterally affect the rights of a person claiming to be elected at the same election to a full term office as

commissioner, is no impediment to his right to apply for mandamus to be inducted into office.

In the leading and frequently cited case of *Trunick v. Town of Northview*, 80 W. Va. 9, 91 S. E. 1081, in which the petitioners, as the petitioner here, sought to be inducted into the offices to which they had been elected and who, on the canvass of the election returns, were declared to be elected, and had received certificates of election duly issued by the proper authority and had taken and subscribed the proper oath of office, this Court held, in point 1 of the syllabus, that "One who has been duly elected a member of the common council of a city, town, or village, pursuant to Chapter 47, Code 1913, and the returns of such election have been canvassed, the result ascertained and declared, and a certificate of election has been issued to him, and he has taken the proper oath, is prima facie entitled to the office, and when denied his right mandamus lies to admit him to his seat in such council." In the opinion in that case this Court said: "We decided in *Martin v. White*, 74 W. Va. 628, and in *Hutton v. Holt, Judge*, 52 W. Va. 672, that mandamus does lie to admit one to an office, where a clear legal right thereto is shown. The question presented here is, have petitioners shown that clear legal right which entitles them to their seats? It seems to be well settled by numerous authorities that where one has been elected to an office, the vote canvassed by the proper authorities, the result ascertained, and recorded, and a certificate of election issued to him, and he has taken the oath required and otherwise qualified, he is prima facie entitled to the office, * * * , and that mandamus will lie to compel" his predecessor holding over until his successor is elected and qualified "to surrender the office to the one having the prima facie right. *Supervisors of the Town of La Pointe v. O'Malley*, 46 Wis. 35; *State ex rel. Butler v. Callahan*, 4 N. D. 481; *State ex rel. Moore v. Archibald*, 5 N. D. 359; *Bridges v. Shallcross*, 6 W. Va. 562; *People ex rel. Evans v. Callaghan*, 83 Ill. 128; *Com-*

*monweath ex rel. Ross v. Baxter,* 35 Pa. St. 263; *Magee v. Supervisors of Calaveras County,* 10 Cal. 376.'' This Court also held, in point 3 of the syllabus, ''But his prima facie right is not conclusive in a proper proceeding instituted against him to try his right and title to the office.'' And to make clear that in a proceeding in mandamus, as here, to enforce the prima facie legal right of a person who has been duly elected and qualified to be admitted to such office, the ultimate right and title of such person and his eligibility and qualification for such office are not involved and should not be determined in such proceeding, the Court in the opinion used this applicable language: ''Of course the prima facie right shown by the returns of an election and the declaration of the result is not conclusive of the right of one to continue in office, but the prima facie right, as some of the authorities cited hold, entitles him to be inducted into the office, and to remain until his right has by proper proceedings been tried and determined by the proper triers thereof.''

It is clear from the answer of the defendant Brewer that he desires and is seeking to have the question of the ultimate title to the office determined in the pending election contest instituted and now being prosecuted by him, which is a proper proceeding to try the ultimate title of the petitioner to the office in question and his eligibility and qualification to continue to hold and occupy such office. The pendency of such election contest is one of the reasons, and a sufficient one, why the foregoing questions presented in it are not involved and will not be considered and determined in this proceeding to admit the petitioner to the office to which he claims to have been elected. To deny, as the defendants have done, the prima facie legal right of the petitioner to the immediate possession of the office until the final determination of the election contest, would necessarily thwart the will of the electorate, the majority of whom have voted for and elected the petitioner, and through the process of

delay and appeal would deny him his right to such possession of a portion or indeed of all of the term for which he has been shown by the election returns to have been duly elected. This Court will not permit or sanction any such course of action.

Other proceedings in which the question of the ultimate title to and the eligibility and the qualification of the petitioner to hold and continue to occupy the office of commissioner of the county court are, of course, a removal proceeding under Section 7, Article 6, Chapter 6, Code, 1931, in which, by Section 5 of the same article and chapter, the eligibility and the qualification of the petitioner may be summarily determined; a quo warranto proceeding which may be prosecuted by the attorney general or the prosecuting attorney of the county; and an information in the nature of a writ of quo warranto which may be prosecuted by those officers or any interested person under Sections 1 and 4, Article 2, Chapter 53, Code, 1931.

In *State ex rel. Thomas v. Wysong,* 125 W. Va. 369, 24 S. E. 2d 463, a mandamus proceeding, this Court awarded a writ to admit to the office of attorney general the petitioner Thomas, who held a certificate of election and had taken the official oath of office and given the required bond but who had been refused possession of the office by the incumbent Wysong, who occupied the office under an appointment to fill a vacancy. Unlike the present proceeding no contest of election or other proceeding to try the title to office had been instituted or was pending during the pendency of that mandamus proceeding. In the concurring opinion of Judge Rose are, among others, these cogent pronouncements: ''The relator's showing of title to the office of attorney general is perfect. This is not to say that such a showing cannot be assailed. In fact, such *prima facie* case may be attacked either before or after a candidate's induction into the office, provided it is done directly, and not collaterally. The statute provides explicitly that before a candidate for

the office of attorney general has been declared elected, his right to the office may be contested, and provides the tribunal and proceedings for such a contest. * * * . Ineligibility to hold the office is expressly made a ground for such contest. * * * . If any disqualification for such office shall arise, or be discovered, after the candidate's induction, the statutory remedy is perfectly plain: * * * . The proper lawful method, therefore, of raising the question here sought to be brought into controversy, whether before or after he is declared elected, is, by statute, clearly assigned to other and different tribunals. I am not overlooking the pronouncement of this Court in the case of *Hall v. Stepp,* 105 W. Va. 487, 143 S. E. 153, which might be construed as adverse to this position. That case, however, was in this Court on appeal and not by way of original jurisdiction. The circuit court is one of general jurisdiction, while this Court has appellate jurisdiction only, except in specified cases. We are not given any power by the Constitution or by any statute to hear originally contests over any public office, and I think it necessarily follows that we cannot do so incidentally under the guise of hearing an application for a writ of mandamus to vindicate the right of the relator to the possession of the office rooms, furniture, papers and records incidental to his office. Our constitutional jurisdiction cannot be enlarged by the subterfuge of expanding the scope of the writ of mandamus. If this election contest can be thus thrust on us, we are thereby exposed to the imposition of a like contest over any other office in the State of West Virginia.'' The pertinent statements just quoted indicate clearly that the defendant Brewer, by the allegations of his answer, can not convert this mandamus proceeding into a contest of election, as he seeks to do, and in that way disregard and by-pass the pending undetermined contest of election which, for the purpose of withholding from the petitioner immediate possession of the office here involved, the defendant Brewer has instituted and is now engaged in prosecuting.

Enforcement in mandamus of the prima facie legal right of a person to be admitted to an office is not conclusive of his right to continue to hold such office and will not bar the trial of his right and title to such office in a proper proceeding instituted against him by another person who also claims the right and title to such office.

In *DeShazo v. Davis,* 157 Va. 517, 162 S. E. 320, 81 A.L.R. 614, a mandamus proceeding in which the petitioner, who had been duly elected and had received a certificate of election and qualified for the office of county treasurer, sought a writ to compel an incumbent of that office to admit petitioner to such office, the court held that the petitioner was prima facie entitled to such office, even though at the beginning of the term of that office an election contest was pending to determine the legality of the election of the petitioner, and that mandamus lies to admit the petitioner to such office and required the incumbent to deliver possession of such office to the petitioner. The decision in that case is in accord with the holding of this Court in *Trunick v. Town of Northview,* 80 W. Va. 9, 91 S. E. 1081, and the opinion in the DeShazo case contains the statements in the opinion in the *Trunick* case which are quoted earlier in this opinion. In the opinion, citing the *Trunick case, Griffith v. County Court of Mercer County,* 80 W. Va. 410, 92 S. E. 676, *State ex rel. Hall v. County Court of Gilmer County,* 87 W. Va. 437, 105 S. E. 693, and decisions in several cases in other jurisdictions, the Virginia court said: ''Where one has been duly declared by proper authority to have been elected to office at an election authorized by law, has received a certificate of election, regular on its face, and has duly qualified for the office as required by law, he is prima facie entitled to the office at the beginning of the term for which he held the certificate of election. Even though at the beginning of the term there is pending a proceeding to contest the legality of his election, he, and not the incumbent holding over from the preceding term, has

the better present, apparent legal right to the office; and it is the duty of the incumbent to deliver up the office to him; and mandamus will lie to compel the holdover incumbent to perform this duty. This is true notwithstanding the pendency of a proceeding to contest the election, and that the statute provides that such incumbent shall continue to serve until his successor has been elected and qualified.'' The opinion, quoting from 9 R.C.L., Elections, pages 1153 and 1154, also contains these pertinent pronouncements: ''Mandamus cannot be employed for the purpose of settling conflicting claims to an office. It is no part of its function to determine contested elections. * * * . The court will not go behind the certificate, commission, or other declaration of title to the office issued or made by the proper authority to inquire into the ultimate right, and, therefore, in general the court will not permit a mere usurper to place the holder of the legal title in the position of a contestant. * * *. Nor will the right to the writ be affected by the fact that another claiming a right to the office, or its actual incumbent, may be able by quo warranto successfully to contest the relator's prima facie title, either on the ground that another received a greater number of legal votes at the election, or that the relator is ineligible, or that the election was illegal.'' The court granted the writ with the proviso that it be issued without prejudice to the right of the incumbent or any other person to try the title to the office in the pending proceeding to contest the election or in any other proper proceeding instituted for that purpose.

In Merrill on Mandamus, Section 142, the text contains this language: ''A person who has the commission for or the proper certificate of election to an office, has the *prima facie* right to the office, and he may resort to a *mandamus* to enforce his rights in connection therewith. Such evidence of title can only be called in question in a direct proceeding to determine the right to the office by *quo warranto* or in a contest for the office. When a person has been duly

elected or appointed to an office, he may use this remedy to obtain admission to such office, when admission has been refused by those having authority in the matter." In Section 152, citing *State ex rel. Taylor v. Board of Canvassers of Warrick County*, 124 Ind. 554, 25 N. E. 10, 8 L.R.A. 607, the text contains these statements: "A superintendent of schools who had his certificate of election, had filed his official bond and was filling the office, asked for a *mandamus* to compel the county commissioners to approve another bond, which he was required to give. The commissioners returned that he was elected to office by a corrupt agreement, and that his election was void. The court adjudged the return to be bad, because the certificate of election barred all inquiry as to his right to hold office except in a direct proceeding to contest his right." In 26 Am. Jur. 2d, Elections, Section 305, the text states that a certificate of election is conclusive as to the result of the election, until set aside or vacated in some manner authorized by law, and is not subject to collateral attack.

In the North Dakota case of *State ex rel. Butler v. Callahan*, 4 N. D. 481, 61 N. W. 1025, cited with approval in *Trunick v. Town of Nothview*, 80 W. Va. 9, 91 S. E. 1081, the court, declaring that the prevailing rule of law that the title to an office will not be tried by mandamus but admitting that some courts hold otherwise, held in point 1 of the syllabus that "As a general rule the writ of mandamus issues to admit in office a candidate holding a valid certificate of election, who has qualified by taking the official oath, furnishing the prescribed official bond, and who has demanded possession of the incumbent."; and in point 5 of the syllabus also held that "In mandamus against a county officer holding over after the expiration of his term, brought by a relator having a certificate of election, and who has duly qualified for the office by taking the oath and giving the required bond, the relator's prima facie title to the office cannot be defeated by an answer which admits the prima facie

title but contains averments of fact which involve the ultimate title of the relator to such office. Such an answer is demurrable if it contains only such facts as would, if established, defeat the relator's ultimate title, in a proper proceeding to try title.'' In the later case of *Chandler v. Starling,* 19 N. D. 144, 121 N. W. 198, the same court held in point 4 of the syllabus that in a mandamus proceeding to enforce the prima facie right to office of a person by virtue of a certificate of appointment, the ultimate right and title to the office can not be litigated, but such prima facie right to such office is conclusive except as to a *de facto* officer.

In *Eldodt v. Territory ex rel. Vaughn,* 10 N. M. 141, 61 P. 105, the opinion contains these pertinent statements concerning the functions of the writ of mandamus in a proceeding to enforce the prima facie right of a person holding a duly authorized appointment, and who has duly qualified for the office, to possession of the office: ''The functions of the writ in such cases are narrow, but they are of vast importance in the orderly administration of government, and it is in this very narrowness that the peculiar power and efficacy of the remedy are founded. There must be some means afforded by the law whereby officials, legally created and qualified, may be enabled to enter, without delay, upon the performance of the duties which the law requires and the welfare of the society demands that they fulfill; otherwise, the course of public administration must be constantly obstructed, and its regularity and usefulness greatly impaired. It is therefore the established rule in this jurisdiction that mandamus lies to assist to the possession of the insignia and appurtenances of an office one who shows a clear prima facie right to it, and that the only question proper to be raised in the proceeding is the question whether a sufficient showing of a prima facie right has or has not been made. The question of the actual or an ultimate title is not an issue in the case, and no rival claimant may be permitted to delay the relief sought by raising that issue.''

In the mandamus proceeding of *Manor v. State ex rel. Stoltz,* 149 Ind. 310, 49 N. E. 160, the court held that ''The fact that the title to the office of township treasurer is in dispute is no defense to an action by the one prima facie entitled to the office against the county auditor for refusal to issue a warrant for the funds of the township.''

In the early case of *Swinburn v. Smith,* 15 W. Va. 483, a prohibition proceeding to prevent a circuit court from proceeding in two cases involving the right of a person holding a certificate of election to the office of clerk of the circuit court who had qualified before the county court and had given bond, this Court held, in point 4 of the syllabus, that ''If a party is elected to a county office and receives a certificate of election from the proper officers and duly and legally qualifies, he is entitled to hold the office pending a contest for the office by another party.'' See also annotation 81 A.L.R. pages 620 to 625.

From the above cited authorities, text and case, it is clear that in a mandamus proceeding against a commissioner of a county court holding over after the expiration of his term of office, in which the petitioner shows a clear prima facie legal right to be admitted to such office in that he holds a certificate of election, and has duly qualified for such office by taking the official oath and giving the required bond, the prima facie legal right of the petitioner to such office can not be defeated by an answer which admits the prima facie right but contains allegations of fact which involve the ultimate title of the petitioner to hold the office; and such answer is demurrable if it alleges only such facts as would, if established, defeat the ultimate title of the petitioner in a proper proceeding to try such title.

As the defendants may not interpose in this mandamus proceeding against the prima facie right of the petitioner to the office which he seeks, the defense that the petitioner is ineligible or is not qualified to

occupy or hold such office by reason of his alleged failure to account for and pay over public moneys collected by him, as alleged in the answer of the defendant Brewer, or for any other reason alleged in such answer, none of such allegations states or sets forth a valid defense against the right of the petitioner to the writ for which he prays and for that reason the answer is demurrable. In consequence, there is no merit in the contention of the defendants, concurred in by the dissenting judge, that the demurrer of the petitioner to the answer of the defendant Brewer admits the truth of the allegations relating to the asserted ineligibility and disqualification of the petitioner to occupy and hold the office of commissioner of the county court. Though it is true that a demurrer to a pleading admits the truth of matters of fact which are well pleaded, that principle is presently inapplicable for the reason that the allegations as to the eligibility and the qualification of the petitioner to occupy and hold the office are not material to the sole issue in this proceeding, which, as previously stated, is the prima facie legal right of the petitioner to be admitted, not continued, in such office, do not set forth a valid defense to the petition and are, therefore, not well pleaded. *Pope v. Edward M. Rude Carrier Corporation,* 138 W. Va. 218, 75 S. E. 2d 584; Burk's Pleading and Practice, 4th Edition, Section 213. For a demurrer to a pleading to have the effect of admitting the truth of its allegations the facts set forth in such pleading must be well pleaded and facts that are not well pleaded are not taken as true upon demurrer. *Douglass v. Koontz,* 137 W. Va. 345, 71 S. E. 2d 319; *Fahey v. Brennan,* 137 W. Va. 37, 70 S. E. 2d 438; *Hays v. Heatherly,* 36 W. Va. 613, 15 S. E. 223. See also *Leftwich v. Wesco Corporation,* 146 W. Va. 196, 119 S. E. 2d 401; *Sage v. Boyd,* 145 W. Va. 197, 113 S. E. 2d 836; *Gauley Coal Land Company v. O'Dell,* 144 W. Va. 730, 110 S. E. 2d 833; *Flanagan v. Gregory and Poole, Inc.,* 136 W. Va. 554, 67 S. E. 2d 865; *Hall v. McLuckey,* 135 W. Va. 864, 65 S. E. 2d 494; *Brown v.*

*Brown,* 135 W. Va. 579, 64 S. E. 2d 620; *Erwin v. Bethlehem Steel Corporation,* 134 W. Va. 900, 62 S. E. 2d 337; *Winnings v. Wilpin Coal Company,* 134 W. Va. 387, 59 S. E. 2d 655; *Guyan Motors v. Williams,* 133 W. Va. 630, 57 S. E. 2d 529; *City of Mullens v. Davidson,* 133 W. Va. 557, 57 S. E. 2d 1, 13 A.L.R. 2d 887; *Taylor v. Spurr,* 126 W. Va. 773, 30 S. E. 2d 84. Of course, a demurrer does not admit as true a mere conclusion of law. *Douglass v. Koontz,* 137 W. Va. 345, 71 S. E. 2d 319; *Sparks v. Union Trust Company of Shelby,* 256 N. C. 478, 124 S. E. 2d 365; *McKinley v. Hinnant,* 242 N. C. 245, 87 S. E. 2d 568; *Vandiver v. Endicott,* 215 Ga. 250, 109 S. E. 2d 775.

For the reasons stated and under the authorities cited and discussed in this opinion the petitioner was entitled to the writ of mandamus heretofore awarded against the defendants by this Court in its order entered April 4, 1967.

*Writ awarded.*

CALHOUN, PRESIDENT, dissenting:

Respectfully I dissent.

I disagreed earnestly with the Court's decision embodied in its decision order, not so much because of any question decided but rather because of a question which was not met squarely, the decision of which, I believed, would have required a contrary result. In these circumstances and at my request, the decision order reserved to me the right "to file a dissenting opinion." My dissenting opinion, thus authorized by the Court's order, was filed and marked "filed" in the office of the Clerk on April 6, 1967. Pursuant to the customary practice, copies of the decision order and of my dissenting opinion were sent to counsel of record in this case.

Having read the Court's opinion, filed almost three months after the case was decided and the decision announced, I believe it embodies a quite labored effort to justify the Court's decision in the light of my dissent. For the first time, there has been brought to

my attention by the Court's opinion the proposition, procedural and not jurisdictional, now belatedly raised sua sponte by the Court, that mandamus is not a proper proceeding by which to test the relator's eligibility to hold public office in the light of the clear language of Article VI, Section 14 of the Constitution of West Virginia. The Court considered the question of eligibility in its initial decision and summarily disposed of it on the following ground clearly stated in the decision order: "* * * that Article VI, Section 14, of the Constitution of this State and the case of *Slater v. Varney,* 136 W. Va. 406, 68 S. E. 2d 757, 70 S. E. 2d 477, are not applicable on the facts to the instant case; * * *."

It was Alvis Porter, the relator, who invoked the original jurisdiction of this Court and recognized mandamus as an appropriate remedy by which to require his induction into office, asserting, as he was required to do in mandamus, that he had a clear legal right to the judicial relief he sought. I am quite willing to assume that the able and distinguished attorney who instituted this mandamus proceeding in behalf of Alvis Porter would not have been disposed to assume the awkward position of asserting before this Court that mandamus was *not* a proper proceeding in which an adjudication of all elements of a clear legal right of Alvis Porter to be inducted into the public office. In any event, that position was not taken by counsel.

On the procedural question so tardily raised and so laboriously asserted, I believe *Patten v. Miller,* 190 Ga. 123, 8 S. E. 2d 757, particularly at pages 774 and 775, is pertinent. In addition to the foregoing, I adopt my dissent to the original decision as my dissent to the majority opinion. It is as follows:

In this mandamus proceeding instituted in this Court pursuant to its original jurisdication in such cases, Alvis Porter seeks to require the County Court of Logan County to admit him to office as a commissioner

of that body and to compel W. E. Bivens to vacate that office. On April 4, 1967, this Court entered the following order embracing its decision of the case:

"This mandamus proceeding came on for decision this 4th day of April, 1967, upon the petition of Alvis Porter and the rule in mandamus issued upon such petition March 27, 1967, returnable before this Court March 31, 1967; the demurrer and answer of the defendant W. E. Brewer; the demurrer of the petitioner to the answer of the defendant Brewer; and upon the briefs and oral arguments in behalf of the petitioner and the defendant Brewer and the brief in behalf of the defendants W. E. Bivens and William C. Dingess, as commissioners of the County Court of Logan County.

"Upon consideration of all of which it appears to the Court and this Court doth find, upon the authority of the decisions of this Court in *Hertzog v. Fox, Mayor, etc.,* 141 W. Va. 849, 93 S. E. 2d 239; *Stowers v. Blackburn,* 141 W. Va. 328, 90 S. E. 2d 277; *State ex rel. Rogers v. Board of Education of Lewis County,* 125 W. Va. 579, 25 S. E. 2d 537; *State ex rel. Thomas v. Wysong,* 125 W. Va. 369, 24 S. E. 2d 463; and other cases cited in the opinion in the *Hertzog* case, that mandamus is the proper remedy to admit or restore to office a person who shows a clear legal right to an office and is wrongfully excluded from it; and this Court further finds that at the general election held in Logan County on November 8, 1966, petitioner was the candidate on the Democratic ticket for the office of county commissioner of Logan County, that the returns of that election have been canvassed, the result ascertained and declared, a certificate of election results showing petitioner to have received a majority of the vote cast has been issued to petitioner, he has taken the proper oath and has tendered a proper bond with approved sureties; that Article VI, Section 14, of the Constitution of this State and the case of *Slater v. Varney,* 136 W. Va. 406, 68 S. E. 2d 757, 70 S. E.

2d 477, are not applicable on the facts to the instant case; and, upon the authority of the decisions of this Court in *State ex rel. Looney v. Carpenter*, 106 W. Va. 170, 145 S. E. 184; *State ex rel. Hall v. County Court*, 87 W. Va. 437, 105 S. E. 693; *Griffith v. County Court*, 80 W. Va. 410, 92 S. E. 676; *Trunick v. Town of Northview*, 80 W. Va. 9, 91 S. E. 1081; and *Kline v. McKelvey*, 57 W. Va. 29, 49 S. E. 896, petitioner, notwithstanding the pending election contest, is prima facie entitled to the office of county commissioner of Logan County.

"It is, therefore, considered and ordered by the Court that a writ of mandamus do issue against the defendants, W. E. Bivens and William C. Dingess, as commissioners of the County Court of Logan County, and the County Court of Logan County, commanding them to admit petitioner to the office of county commissioner of Logan County and commanding the defendant W. E. Bivens to forthwith vacate the office of county commissioner of Logan County and surrender the same to the petitioner.

"All of which is accordingly considered and ordered.

"Judge Calhoun dissents, would refuse to award the writ of mandamus, and reserves the right to file a dissenting opinion."

The basis of my dissent is that the Court in its decision did not decide one of the questions directly presented for decision by the demurrer to the answer; that the question thus presented was the one urged with the most assurance in behalf of the respondents; and that a proper decision of that question would have required the Court to reach a result directly contrary to that reached in this case.

Alvis Porter was the candidate of the Democratic Party and W. E. Brewer was the candidate of the Republican Party, in the General Election held on November 8, 1966, for election to a six-year term,

commencing January 1, 1967, as commissioner of the County Court of Logan County. At the time this proceeding was instituted, W. E. Bivens was holding over in that office in the absence of an election and qualification of his successor.

"A demurrer to an answer in a proceeding in mandamus admits the truth of all facts which are well pleaded in the answer." *Wilson v. The County Court of Logan County,* 150 W. Va. 544, pt. 2 syl., 148 S. E. 2d 353. We are not, therefore, confronted with a dispute of facts. The answer and the demurrer thereto specifically and directly raise the question whether Alvis Porter is eligible to hold the office of commissioner of the county court by reason of the provisions of Article VI, Section 14, of the Constitution of West Virginia which, so far as pertinent to this case, are as follows: "* * * No person who may have collected or been entrusted with public money, whether State, county, township, district, or other municipal organization, shall be eligible to the legislature, or to any office of honor, trust or profit in this State, until he shall have duly accounted for and paid over such money according to law." The Court's decision order, without any elaboration, explanation or particularization whatever, summarily dismisses and avoids decision of that question by stating that the constitutional provisions quoted immediately above "* * * are not applicable on the facts to the instant case; * * *." I am unable to perceive any sound basis for that statement.

Five prior decisions of this Court are cited in the decision order for the principle that mandamus is a proper proceeding to require that one be admitted to an office he is entitled to hold. "Where a person nominated to office is required by law to possess certain qualification at the time of this election, mandamus will lie to determine the qualification." *Adams v. Londeree,* 139 W. Va. 748, pt. 2 syl., 83 S. E. 2d 127. Where a statute requires that a candidate shall have a

specified qualification at the time of his nomination, the question of his qualification or disqualification may be determined in a mandamus proceeding. *State ex rel. Brewer v. Wilson*, 151 W. Va. 113, 150 S. E. 2d 592. In the present case, it is not questioned that Alvis Porter's qualification or disqualification to take office as a county court commissioner may be determined in this mandamus proceeding. *Slater v. Varney*, 136 W. Va. 406, 68 S. E. 2d 757, emphasizes the imperative nature of the disqualification created by the constitutional provisions here in question.

The answer alleges that Alvis Porter "was and is guilty of frequent and repeated violations of the provisions of Article VI, Section 14 of the Constitution of West Virginia," and that he collected "public moneys before January 1, 1967, the date of the beginning of the term of the office which he seeks in this proceeding, and having failed to account for or pay over said public moneys before January 1, 1967, or since that date, and the said Alvis Porter having failed to account for or pay over said public moneys up to the time of the filing of this Answer as reflected by an audit made of the appropriate books and records of Logan County by an auditor from the office of the West Virginia State Tax Commissioner pursuant to an order of the County Court of Logan County entered on March 8, 1967, * * *."

The answer also alleges that, by an order entered in a proceeding in the Circuit Court of Logan County, in which Alvis Porter was removed from his office of constable, the matters alleged above concerning his failure to account for public money were "judicially determined by a final order * * *." A certified copy of the order of the circuit court, dated March 3, 1967, was filed with and made a part of the answer. The order discloses that it was entered in a removal proceeding instituted pursuant to Code, 1931, 6-6-7. The order recites that Alvis Porter appeared in person and by counsel in the proceeding in the circuit court and

that the "defendant by his counsel advised the Court that he did not resist the prayer of said amended petition praying that he be removed from office and did not desire to offer any evidence in opposition to the allegations of said petition * * * and the Court proceeded to hear the evidence offered in support of the allegations of said amended petition." The order recites some of the court's findings which formed the basis of Alvis Porter's removal from office as follows: "And it appearing to the Court and the Court doth find from said evidence that the defendant during his present term of office as Constable * * * has wilfully, flagrantly and repeatedly charged for, received and failed to account for and pay over according to law public money to which he was not and is not entitled for services not in fact performed by him, and the Court doth further find from all the evidence that the defendant still has not accounted for and paid over such public money according to law, and that such wilful, flagrant and repeated violations of the law by the defendant have been committed over a long period of time and throughout his present term of office as Constable in and for Logan District, Logan County, West Virginia, which began January 1, 1965." The circuit court further found and held that Alvis Porter "has been and is guilty of official misconduct, malfeasance in office, incompetence and neglect of duty * * *." The testimony which formed the basis of the circuit court's findings of fact was not controverted by Alvis Porter at his removal trial. The allegations of the answer in this mandamus proceeding are not denied or controverted by any sort of pleading, but, on the contrary, the demurrer, for the purpose of the question here presented, admits the truth of all such allegations.

The demurrer to the answer contains the following two points, the only points bearing directly on the question here being discussed:

"3. The order of the Circuit Court of Logan County ousting petitioner from the office of con-

stable is not *res judicata* on the issue of petitioner's alleged disqualification to hold the office of County Commissioner since that question was not before the Circuit Court in the ouster proceeding, and could not, therefore, have been decided therein.

"4. There has been no judicial finding, in the ouster proceeding or otherwise, that petitioner has violated West Virginia Constitution, Article VI, Section 14."

Assuming that the judgment of the Circuit Court of Logan County is not res judicata on the issue of the alleged disqualification to hold office and that there was no "judicial finding" in the ouster proceeding that Alvis Porter has violated West Virginia Constitution, Article VI, Section 14, such alleged facts have no pertinency to the question directly presented to the Court for decision in this proceeding. This case is not before this Court on appeal from the Circuit Court of Logan County. This case is before this Court in the exercise of its original jurisdiction. It is a proper proceeding in which to have a judicial determination of Alvis Porter's qualification or disqualification to hold the office of county court commissioner, irrespective of the nature of, or even a complete absence of, prior proceedings in any other court.

Alvis Porter is the one who has invoked the original jurisdiction of this Court by asking that the county court be required to admit him to the office he seeks. His eligibility to hold the office of county court commissioner has been challenged by a proper pleading containing clear and extensive allegations which, if established, imperatively render him ineligible to hold the office he seeks. These allegations go unchallenged and, additionally, their truth is admitted, for the purpose of this case, by the demurrer to the answer.

The majority opinion cites five prior decisions for the principle that the pendency of an election contest is no impediment to the right of one to be inducted

into office ''* * * if, upon the face of the returns duly canvassed, the board of canvassers ascertains the result to be favorable to him, and so declares upon its record, and issues to him the required certificate, and he otherwise complies with all preliminary legal requirements.'' *State ex rel. Hall v. County Court of Gilmer County,* 87 W. Va. 437, pt. 1 syl., 105 S. E. 693. These cases afford no semblance of an answer to the constitutional question here involved. The procedure before the Court in this case would be wholly appropriate to determine Alvis Porter's eligibility even if no election contest were pending or impending.

If, in this case, the Court had faced and decided the question of eligibility which has been properly and so squarely presented for decision, it is quite obvious that the Court would have been required to make an adjudication of Alvis Porter's ineligibility. So far as he is concerned personally, there would have been no reason for pursuing the election contest further. Some court somewhere along the line will be called upon to decide the vital question which this Court has so casually sidestepped in this case.