**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

John D. Hager,
Petitioner Below, Petitioner

**v.)  No. 22-0494** (Boone County CC-03-2019-C-74)

The Riverview Country Club, Inc.,
Respondent Below, Respondent

**MEMORANDUM DECISION**

Petitioner John D. Hager appeals the Circuit Court of Boone County's June 1, 2022, order denying various post-trial motions.[1] Here, the petitioner argues that the evidence submitted below was sufficient to entitle him to preliminary and permanent injunctions against the respondent, The Riverview Country Club, Inc. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

On June 3, 2019, the petitioner filed a complaint with the circuit court seeking preliminary and permanent injunctions against the respondent. The petitioner sought the ability to travel from his home, located on Powell Branch Road in Danville, West Virginia, to State Route 17 via the respondent's property. According to the petitioner, he and some residents of Powell Branch Road must cross the Spruce River to reach Route 17, and there are only two public options to do so: crossing a swinging pedestrian bridge or crossing the riverbed. The petitioner claimed that neither were consistent, viable options. As such, the petitioner argued that he needed injunctive relief to travel across the respondent's property.

In his complaint, the petitioner claimed that there were two paths across the respondent's property that he and other residents of Powell Branch Road had frequently used to reach Route 17. The first path across the respondent's property stretched from Powell Branch Road along the C&O Railroad tracks, eventually reaching a bridge that connected to Route 17. The petitioner stated that this path was used consistently until approximately 1998, when the respondent's predecessor blocked access to this path. As a result, the size of this path was reduced, and it became accessible only by ATVs. The petitioner claimed that he and others on Powell Branch Road continued to use this smaller path after 1998. The second path, which accommodated regular vehicle traffic, ran from Powell Branch Road along the southern bank of the Spruce River to a bridge connecting to Route 17. The petitioner claimed that this path had been his primary path from his home to Route 17 for over fifteen years, particularly when he was unable to cross the riverbed due to high water.

---

[1] The petitioner appears by counsel Timothy J. LaFon. The respondent appears by counsel Robert B. Kuenzel.

According to the petitioner, around April 2019, the respondent took action to prevent him from using the paths by placing railroad ties across both paths and by contacting law enforcement. These actions prompted the petitioner to file a complaint with the circuit court and seek preliminary and permanent injunctions, as he believed that he was entitled to a right-of-way or easement across the respondent's property. The petitioner argued that he had an express easement as shown by several deeds and a will, but he also argued that he would demonstrate that he was entitled to an easement by prescription or by necessity.[2]

The circuit court held a bench trial in November 2019. The petitioner testified to the above-mentioned allegations, including his alleged express right-of-way mentioned in several deeds; his prior use of the paths across the respondent's property; and his ongoing need to use said paths. The petitioner also presented the testimony of several neighbors and friends who testified to their use of the paths across the respondent's property, as well as the general public's use of the paths.

Ricky Boggs, the owner of Respondent Riverview Country Club, testified and denied that there was an express right-of-way across the property. Mr. Boggs stated that he had spoken with the petitioner on several occasions and asked him not to cross the property, as it was causing damage, and that he repeatedly attempted to block passage on the paths by using cables or blocks.

On March 19, 2020, the circuit court entered an order denying all of the petitioner's claims. The court found that the petitioner failed to demonstrate that any right-of-way existed over the respondent's property, noting that no surveys were submitted showing where the alleged right-of-way was located and that the deeds offered were nondescript and vague in that respect. The court further found that the petitioner failed to pursue any legal action against the respondent or its predecessor for over thirty years, despite their many clear attempts to prevent him from using the paths across the property. The court reasoned that the mere fact that the petitioner's access to his property was less convenient did not create a necessity to infringe upon the property rights of the respondent. Accordingly, the circuit court denied the request for both a preliminary and a permanent injunction and dismissed the case.

Subsequently, the petitioner filed a motion to alter or amend judgment/motion for a new trial and a motion to stay enforcement of the judgment pursuant to Rules 59 and 62, respectively, of the West Virginia Rules of Civil Procedure. The petitioner also filed a second, untimely motion for a new trial pursuant to Rule 59 of the West Virginia Rules of Civil Procedure, which was construed by the circuit court as a motion filed under Rule 60.[3] On March 11, 2021, the circuit court entered an order deferring ruling on these matters, and the parties indicated that they were agreeable to attempting to mediate the matter. However, mediation proved unsuccessful and, by

---

[2] The petitioner failed to include any of the deeds or the will in his appendix record on appeal. Moreover, the petitioner admitted in his complaint below that the reference to the easement in at least one of the deeds was "vague and may even be erroneously drafted."

[3] *See* Syl. Pt. 3, in part, *Lieving v. Hadley*, 188 W. Va. 197, 423 S.E.2d 600 (1992) ("A motion which would otherwise qualify as a Rule 59(e) motion that is not filed and served within ten days of the entry of judgment is a Rule 60(b) motion regardless of how styled . . . .").

order dated June 1, 2022, the circuit court entered a final order denying the petitioner's post-trial motions. The petitioner now appeals.

Our standard of review for a circuit court's ruling on a Rule 60 motion is for abuse of discretion. Syl. Pt. 4, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019). We have explained that "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974). Regarding motions to alter or amend a judgment, this Court has held that the standard of review "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 3, *Veltri v. Parker*, 232 W. Va. 1, 750 S.E.2d 116 (2013) (citing Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998)). Lastly, as to the circuit court's refusal of a permanent injunction, our review is for an abuse of discretion. Syl. Pt. 1, in part, *Cantrell v. Cantrell*, 242 W. Va. 72, 829 S.E.2d 274 (2019) (holding that absent a statutory right to injunctive relief, the decision to grant an injunction "ordinarily rests in the sound discretion of the trial court . . . and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion").

On appeal, the petitioner sets forth two assignments of error: first, that the record did not support the denial of his complaint for a preliminary and permanent injunction and, second, that the circuit court's findings of fact and conclusions of law regarding "irreparable harm and necessity of right-of-way" were erroneous. However, the petitioner's arguments are entirely deficient and do not establish his entitlement to relief on appeal.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, that was styled Re: Filings That Do Not Comply With the Rules of Appellate Procedure, this Court specifically noted that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules.

Further, this Court has made clear that "'[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs.'" *State, Dep't of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Indeed, "[a]lthough

we liberally construe briefs in determining issues presented for review, . . . [issues] mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996).

Here, the entirety of the petitioner's argument consists of attacking the circuit court's factual findings regarding the evidence presented below. In direct contravention of Rule 10(c)(7), the petitioner fails to set forth applicable law, including (1) any legal standards for granting an injunction and (2) any of the legal tests for establishing an easement, whether by prescription or by necessity. As a result, the petitioner did not set forth any analysis applying the applicable law to the facts of his case. Simply put, although the petitioner provided a laundry list of alleged errors in the court's factual findings, he failed to provide any argument or analysis demonstrating that the circuit court abused its discretion in denying him injunctive relief regarding the requested easement. The only relevant law cited by the petitioner pertained to express easements; however, the petitioner failed to include any of the deeds upon which he relies to establish an express easement in his appendix record on appeal, precluding us from review. Given the foregoing, we have no basis to find that the circuit court abused its discretion in denying the petitioner's request for injunctive relief or his post-trial motions.

For the reasons stated above, this Court affirms the June 1, 2022, final order of the Circuit Court of Boone County.

Affirmed.

**ISSUED:** June 10, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn